W. L. DUMAS, d/b/a Miami Tin Shop, Plaintiff in Error,

v.

Gene WAGONER and his wife, Carrie Belle Wagoner, Defendants in Error.

No. 37327.

Supreme Court of Oklahoma.

Nov. 13, 1956.

Rehearing Denied Dec. 18, 1956.

Nesbitt & Nesbitt, Miami, for plaintiff in error.

Jack C. Brown, Miami, for defendants in error.

PER CURIAM.

This is an action filed in the District Court of Ottawa County, to recover damages. W. L. Dumas, d/b/a Miami Tin Shop, defendant there, appeals from a judgment in accord with a jury verdict against him in the sum of $850. Basically, the claim of the plaintiffs, Gene Wagoner and his wife, Carrie Belle Wagoner, was in substance that they had employed the defendant to inspect and clean a fuel oil furnace in their home and that by reason of his negligence in performing the service for which he was employed, a flue joint in the furnace had been left disconnected and plaintiffs' home had been damaged by smoke and soot.

Under propositions set forth in his brief, defendant, appearing here as plaintiff in error, argues that the judgment is wholly unsupported by any evidence and is based on an inference or presumption which is founded on other inferences and presump-tions; and that the verdict and judgment are not sustained by any evidence.

The evidence on the part of plaintiffs, in support of their claim, consisted of the testimony of Gene Wagoner and a diagram representing the construction of the furnace and from which the effect of the loose flue connection was readily determinable as the means whereby the damage resulted and which also revealed the relation of the flue, under plaintiffs' theory of the case, to the work performed or that should have been performed by the defendant under his contract with plaintiffs.

The evidence so given reasonably tends to prove the following: Defendant was requested in October of 1952, by Gene Wagoner, acting for plaintiffs, to clean and check the furnace for winter use, and to determine whether it would operate; defendant, by his employees, acting under the contract of employment, removed the fire box from the furnace, which action re-quired unjointing of the flue pipe where it is inserted through a metal partition into the cool air compartment of the furnace leading from the fire box; after the em-ployees had announced completion of their work, which involved removal of the fire box and replacement thereof, defendant's employees, in the presence of the witness, tested the furnace operation by raising the heat temperature to the extent of causing the fan, the purpose of which was to blow air through the furnace and into the build-ing, to automatically start two or three times; after this test, in the afternoon, the employees advised the witness that the furnace was ready for use. Only the pilot light was on during the night. On the fol-lowing morning the witness, alone in the house, set the thermostatically controlled furnace for heating to 70–75 degrees be-cause of cooler weather, left the house to do his chores and go for an employee, which in all required some 45 minutes to an hour; on his return he found the house filled with smoke and soot which caused the damage complained of; subsequent investigation by defendant and the witness revealed that the smoke and soot had escaped from a

joint in the flue inside the cool air chamber; the defendant had installed the furnace for plaintiffs some ten years past; defendant's shop foreman advised the witness, by way of explanation of the situation, that his employees had either failed to replace the flue section or that the joint had slipped out while they were maneuvering the partition in replacing the fire box.

After a demurrer to plaintiffs' evidence was interposed and overruled, defendant proceeded with his evidence, the salient points of which may be stated in substance thus: The fire box had been removed, cleaned and replaced; the flue, attached to the fire box with metal screws, extended through the partition wall into the cool air chamber; this section of the flue, also attached to the partition with metal screws, extended into the cool air chamber where it was jointed with the extending flue on to the chimney; it was at this joint that the leak occurred; defendant's employees had disconnected the flue at the fire box, had not removed the section extending through the partition, nor in anywise disturbed this section on that portion of the flue within the cool air chamber; defendant had done the work of cleaning on October 5, 1953, and had returned October 13, 1953, to install a duotherm control which did not involve entering the furnace or disturbing any part thereof in connection with the flue; the method used in testing the furnace on completion of the work on October 5th, was usual and proper and constituted all that was necessary to do by way of testing as to whether the work had been done properly; defendant had not been employed to clean the flue pipe and did not disturb the section securely screwed to the partition and did not enter the cool air chamber at any time.

It appears from defendant's evidence that entry could be made into the cool air chamber by a door and it was in this wise that the disconnected flue was discovered as the cause of emission of smoke and soot into the house. Can it then be said that plaintiffs' evidence was sufficient to support the verdict and judgment under the instructions of the court to the effect that defendant had the duty of exercising care in the inspection, cleaning and repair of plaintiffs' furnace, and that if the jury found from a fair preponderance of the evidence that defendant or his employees failed to properly replace or connect or adjust some portion or pipe and their failure to do so was a lack of ordinary care under the circumstances and proximately caused the damages, they should have returned the verdict for plaintiffs? We think such instruction was, under the evidence, proper, and the evidence sufficient to justify the jury in finding for plaintiffs if they chose to accept plaintiffs' evidence and reject defendant's evidence in conflict therewith.

■ Under this determination, defendant's contention under his propositions are without merit. While it may be said that plaintiffs' evidence was in some respects circumstantial as it relates to proof of negligence in the removal, cleaning and replacement of the fire box, it is direct as to plaintiffs' claim that defendant had contracted to inspect the furnace. Defendant's evidence was that no one in his employ had entered the cool air chamber during the work to inspect the flue. If such duty of inspection was incumbent on defendant in conformance with his agreement (as contended by plaintiffs) then defendant was responsible, for whether or not he had complied with his duty of care as to removing and replacing the fire box, he had failed to fulfill his obligation to inspect it. The determination of these matters under the court's instructions were within the province of the jury. We do not mean to hold that the verdict and judgment was supported on this duty of inspection alone. While the evidence was to some extent circumstantial it was nevertheless sufficient to establish a reasonable inference that defendant had failed to properly replace or connect the flue pipe after removing the fire box and disturbing the connection. Such inference may be drawn from circumstantial evidence. A reasonable inference which may be

drawn from circumstantial evidence is itself proof and does not fade away in the light of positive proof to the contrary. Great Lakes Pipe Line Co. v. Smith, Okl., 271 P.2d 1112; Mazda Oil Corp. v. Gauley, Okl., 290 P.2d 143.

The evidence being sufficient to support the verdict and judgment, there was no error.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.