**TULSA STOCKYARDS, an Oklahoma Corporation, Plaintiff in Error,**

v.

**Bernie MANGRUM, Defendant in Error.**

No. 39831.

Supreme Court of Oklahoma.

April 2, 1963.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

K. D. Bailey, Okmulgee, by Joe Francis, Tulsa, for defendant in error.

IRWIN, Justice.

Bernie Mangrum, referred to as plaintiff, brought an action for damages against Tulsa Stockyards, an Oklahoma Corporation, referred to as defendant, for injuries sustained while he was on the premises occupied and controlled by the defendant. Plaintiff based his rights to recover on the grounds that he was a business invitee and defendant negligently permitted a cow to come through an open gate and run into and injure him. The jury returned a verdict for plaintiff and judgment was rendered thereon. Defendant appeals from the order overruling its motion for a new trial.

## FACTS

Plaintiff testified that he brought some cattle to the defendant's stockyard to be sold; that he unloaded his stock at the unloading chute into a holding pen to await transfer to the defendant's pens for selling; that the gate to this pen was opened by an employee of defendant who preceded the cattle while plaintiff followed behind, driving them; that at that time, he saw an unloading chute gate open but did not observe any gate to the holding pens open; that while he was driving his cattle down the alley way to the selling pens, he was attacked by a cow from behind, which was not one of his own, and thrown and dragged about eight feet and sustained the injuries complained of. He testified the gates from the pens into the alley way were handled by employees of defendant and the owners of the livestock were not supposed to open or shut the gates. Other witnesses for plaintiff testified as to the attack and there was testimony that plaintiff passed an open gate. They also testified that it was customary for the owners to follow and drive their livestock from the holding pen to the commission pen.

The manager of defendant testified its employees handle the gates from the holding pens to the alley way; that gates to the holding pens are not supposed to be opened while livestock are in the alley way; that this is a safety measure as well as a prevention of getting one group of livestock mixed with another; that it is the duty of its employees to transfer the cattle to the commission pens; that there is no prohibition against the owners following their cattle to the commission pens although they do not solicit help from the owners. He further testified there is a cat walk above the pens that the owners can use to go to a platform where they can observe the sale of their livestock. The plaintiff admitted he knew of the walk and platform. Defendant admitted it gets a fee for services rendered from each seller.

## PROPOSITION I

The defendant contends the trial court erred in overruling its demurrer to plaintiff's evidence and submitting the cause to the jury because defendant owed no duty to plaintiff; and, that plaintiff was either aware of the danger when there were open gates or would have been aware of the danger had he used ordinary care. Defendant cites City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462 and E. S. Billington Lumber Co. v. Cheatham, 181 Okl. 402, 74 P.2d 120, which state the general proposition that "[t]he duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pit-

falls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care;" and, "[a]lthough an invitee assumes all normal, ordinary, and obvious risks attendant upon the use of premises, the owner thereof who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition owes to such invitee a duty to warn him of the danger where the peril is hidden, latent, or concealed or the invitee is without knowledge thereof."

■■ Although we agree with the principles of law set forth, we can not conclude that such rules can be of benefit to the defendant in the instant action. Here, the plaintiff was a business invitee; he was in a place where he was entitled to be and there was no prohibition against his assisting in driving his cattle to the pen through the alley way; the defendant's employees were charged with opening and closing the gates and determining when and under what conditions cattle would be driven down the alley way; it was the duty of defendant to keep the gates closed, not only to keep the cattle from becoming mixed but for safety purposes. There is no evidence that plaintiff knew that cattle were in the pen, unattended, where the cow was that attacked plaintiff, nor is there any evidence that defendant warned plaintiff that cattle would be in the pen unattended. We can not conclude that defendant owed no duty to plaintiff in the instant action.

In Bryan v. Hough, Okl., 365 P.2d 124, we held:

"In passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrant or movant."

Under the above rule we can not conclude that plaintiff was either aware that defendant left cattle in an open pen unattended which would constitute a danger or would have been aware of the danger had he used ordinary care. This was a question for the jury to resolve and the trial court did not err in submitting such question to the jury.

### PROPOSITION II

Defendant contends that the trial court erred in overruling its demurrer because there were two methods available to plaintiff for observing his cattle (one being the cat walk above the pens and the other the alley way); that plaintiff with knowledge of both, chose the dangerous one (alley way) and therefore cannot recover.

■ This contention might be of benefit to defendant if plaintiff had been in the alley way without the full knowledge and consent of the defendant and against its orders. However, it was customary for owners of cattle to follow their cattle through the alley way; the defendant knew of this custom and practice and did not object. Therefore, plaintiff was an invitee to use the alley way to follow his cattle to the selling pens as much as he was an invitee to use the general premises and the cat walks. Therefore, plaintiff is not precluded from recovering because he chose the alley way instead of the cat walk and the trial court did not err in overruling defendant's demurrer to plaintiff's evidence.

■ In the case of Freeman v. Wright, 204 Okl. 497, 231 P.2d 675, we held:

"In an action at law where there is any competent evidence reasonably tending to sustain the verdict of a jury, and the judgment of the trial court based thereon, and the instructions fairly stated the applicable law, and no prejudicial error is revealed by the record, such judgment will not be disturbed on appeal."

We have carefully reviewed the record and find there is competent evidence rea-

sonably tending to sustain the verdict and judgment; the instructions fairly state the applicable law and no prejudicial error is revealed by the record. The judgment of the trial court is therefore affirmed.