**Dorothy Ona NYE, Executrix of the Estate of Raymond Nye, Deceased, dba Raymond Nye Oil Field Trucking; and Mid-Continent Casualty Company, a Corporation, Plaintiffs in Error,**

v.

**Jesse COX, Defendant in Error.**

**No. 41670.**

Supreme Court of Oklahoma.

April 23, 1968.

Covington, Gibbon & Poe, Richard D. Gibbon and John S. Morgan, Tulsa, for plaintiffs in error.

Floyd L. Walker, Tulsa, for defendant in error.

HODGES, Justice.

Plaintiff commenced this action in the District Court of Tulsa County, against the defendant Dorothy Ona Nye, Executrix of the Estate of Raymond Nye, deceased, dba Raymond Nye Oil Field Trucking, and Mid-Continent Casualty Company, a corporation, for damages for personal injury.

The defendant trucking firm operated upon the authority of a certificate of convenience and necessity issued by the Interstate Commerce Commission. The defendant casualty company was the casualty insurer of the defendant trucking firm. The insurer's liability is based upon its insurance contract with the defendant trucking firm and it is joined as a defendant in this action under joinder provisions of the regulations of the Interstate Commerce Commission. Reference herein to defendant in the singular will designate the defendant trucking firm.

The salient facts upon which this action was predicated are simple, although disputed as to details. Defendants have specified as errors of the trial court two propositions which require consideration of the evidence. We choose, therefore, first to establish the guidelines for viewing that evidence before recounting its details.

Defendants contend that the trial court should have sustained their demurrer to plaintiff's evidence or to have sustained their motion for a directed verdict. Their second specification of error is, basically, that defendant's negligence was not established by legally sufficient evidence. Application of the doctrine of respondeat superior is not contested. Plaintiff's proof relating to the acts of negligence allegedly committed by defendant's employee is the issue raised by this specification. The crux of the defendants' objection seems to be that the extent and quality of the evidence is such that the jury was required to arrive at the fact of negligence by indulging one inference or presumption upon one or more other inferences or presumptions.

The rules by which a trial court must be guided in deciding upon a demurrer to the evidence or a motion for directed verdict are well settled in this State.

In Tulsa Stockyards v. Mangrum, Okl., 380 P.2d 534, in paragraph 1, of the Court's Syllabus, we said:

"In passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrer or movant."

Defendants' résumé of the evidence upon which they would have this Court determine that the trial court erred in overruling their demurrer and motion for directed verdict is replete with narrative references to the testimony of Mr. Ralph Hoss, plaintiff's first witness. Defendants assert, and we agree, that Mr. Hoss' testimony is contradictory of plaintiff's as to the facts and circumstances upon which plaintiff predicates his allegation of negligence. Without an express assertion to that effect, defendants seem to assume that plaintiff is concluded and bound by the testimony of Mr. Hoss since he was called by plaintiff as his witness. Such is not the law of this State. In Glens Falls Insurance Company v. Johnson, Okl., 403 P.2d 229, we followed the well established rule in this State when we said:

"A party is not concluded by the statement of any witness, but has the right to introduce other competent evidence, to show the real facts, although such testimony may incidentally contradict or tend to impeach the testimony of a previous witness."

That rule was followed by this Court earlier in Westgate Oil Co. v. McAbee, 181 Okl. 487, 74 P.2d 1150, where we denounced any other rule as too harsh and quoted from H. L. Canady Company v. McDougal, 135 Okl. 63, 273 P. 1000, as follows:

"A party is not concluded by the statement of any witness, but has the right

to introduce other competent evidence, to show the real facts, although such testimony may incidentally contradict or tend to impeach the testimony of a previous witness. And *such latter testimony will create an issue of fact upon which* the State Industrial Commission hearing the proceeding, or *a court or jury trying the case, is authorized to hold adversely to the former testimony.* This is the rule without reference to whether the party calling the former witness is taken by surprise or not by his testimony." (Emphasis provided)

It must follow, then, that with the creation of an issue of fact by contradictory testimony of plaintiff's witnesses as to the acts of negligence, the trial court in passing upon the demurrer and motion for directed verdict was required to disregard such testimony of Mr. Hoss as was in conflict with plaintiff's subsequent testimony relating to the same acts, which the trial court was required to consider as true.

If, as defendants contend in their Reply Brief, Mr. Hoss' testimony established that defendant's employee "acted in a completely normal manner and failed to prove any negligence whatsoever", the trial court was required to disregard all such testimony which was in conflict with the other evidence of plaintiff, as evidence "favorable to the demurrer or movant."

The events which preceded the filing of plaintiff's petition and upon which it was predicated began when Ralph Hoss purchased some used equipment, including drill stems and bailers, in Wichita, Kansas, and employed defendant to haul it to his home in Tulsa, for unloading.

Mr. Hoss requested plaintiff to assist in unloading the trailer when it arrived. When defendant's truck arrived, it was parked by defendant's driver employee, Mr. Gaylor, where Mr. Hoss wanted the equipment unloaded. Metal guides beside the trailer were used to prevent the stems from hitting the wheels of the trailer during the unloading. Mr. Gaylor, Mr. Hoss and plaintiff assisted in the unloading. According-

ing to plaintiff, whose testimony is in conflict with that of Mr. Hoss as to many details, the drill stems were pried from the stack on the trailer bed by Mr. Gaylor from his position on the trailer and by plaintiff and Mr. Hoss from their positions on the ground. After a stem was pried away from the stack, Mr. Gaylor moved it with the pry bar and his foot so that it would roll from the truck to the ground. Plaintiff testified that a stem would not roll by itself on the trailer bed even after being separated from the stack, and that it took considerable effort by Mr. Gaylor to roll it to the edge so that it would roll off the trailer. Plaintiff testified that immediately before his injury the drill stems had begun to pile up where they fell from the trailer. Mr. Hoss suggested that they stop for refreshments. Plaintiff saw Mr. Gaylor moving toward the center of the trailer and Mr. Hoss moving toward the cab of the truck. Plaintiff turned to walk toward the Hoss home, heard the sound of metal hitting metal, turned his head to see that a drill stem was about to hit him, tried to duck away, and was hit on the ear and clipped on the back by the drill stem. Plaintiff staggered, fell to his knees and sprawled on his stomach. At the time of these occurrences only Mr. Gaylor was on the trailer.

The ambulance attendant who took plaintiff to the hospital testified that upon arrival at the scene of the accident he observed plaintiff on his stomach toward the end of the trailer with blood on his head and "thread" marks on his shoulder or back. A drill stem with the threaded end toward plaintiff was lying at an angle to the trailer near plaintiff.

The medical testimony of the parties, while conflicting as to degree, severity and consequences, established a recently fractured vertebra in addition to an old injury to the upper spine of plaintiff.

The case was submitted to the jury which returned a substantial verdict for plaintiff. Judgment was entered thereon, motion for new trial was filed and overruled, and appeal was perfected to this Court by the defendants.

Before we can categorically answer the initial specifications of error raised by defendants, we must first consider defendants' third specification. It is, in essence, that while Mr. Hoss was present and supervising the unloading, the duty to warn plaintiff of impending danger was upon Mr. Hoss and not upon defendant's employee, Mr. Gaylor. Therefore, say the defendants, the trial court's instruction that Mr. Gaylor had such duty to warn plaintiff was error regardless of who created the danger initially.

■ We find this proposition to be without merit. The contention seems to be that since the duty to warn plaintiff was upon Mr. Hoss, the defendant's employee was liberated of all duties toward plaintiff. We garner from this position that it would be defendants' contention that the employee did not owe even the duty usually reserved just to the volunteer, i. e. not wantonly or willfully to injure him. We will not approve such a position. The opinion in Hughes v. Shanafelt, 203 Okl. 80, 218 P.2d 350, wherein we discussed the application of the degree of care required to prevent injury in connection with particular relationships, fully disposes of defendants' contention in this regard. We affirmed the rule in Lisle v. Anderson, 61 Okl. 68, 159 P. 278, L.R.A. 1917A, 128, that the duty to exercise ordinary care to prevent injury evolves upon anyone without regard to the legal relationship between the parties, whenever the circumstances are such that an ordinarily prudent person could reasonably apprehend that by the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury.

■ Within the scope of the uncontroverted evidence in this case, the jury may well have concluded that Mr. Gaylor was, or should have been, aware that those on the ground assisting with the unloading of 1200 pound drill stems from 24 to 26 feet long would be in danger of receiving an injury as the natural and probable consequence of propelling such an item from the bed of the trailer to the ground. Because of the inherent danger of the operation and Mr. Gaylor's knowledge of the presence of Mr. Hoss and plaintiff in the immediate area, Mr. Gaylor owed plaintiff and Mr. Hoss the duty of ordinary, if not the highest degree of, care to avoid injuring either of them by keeping a proper lookout and by necessary warning. At least in opposition to the defendants' complaints of the trial court's instruction as to Gaylor's duty, the instruction does not constitute error.

Considering defendants' position that the question of negligence necessitated indulgence of an inference upon an inference, we find it without merit.

The single act essential to determination of negligence in this case which requires resort to circumstantial evidence for an inference is the determination that defendant's agent propelled the drill stem from the trailer.

■ The only limitation upon the employment of circumstantial evidence to establish the essential elements in a cause of action based upon negligence is that the inferences drawn therefrom be legitimate and rational and beyond the realm of conjecture and speculation. Bower v. Corbell, Okl., 408 P.2d 307; Guerrero v. Tiblow, Okl., 382 P.2d 120; and Coe v. Esau, Okl., 377 P.2d 815.

■ The single inference from the circumstantial evidence necessary to the prima facie showing required of plaintiff is the propelling of the drill stem. In a civil case, the plaintiff need only make it appear more probable that the injury case in whole or in part from defendant's negligence than from any other cause, and that can be established by circumstantial evidence and reasonable inferences therefrom. WeGo Perforators v. Hilligoss, Okl., 397 P.2d 113; J. J. Newberry Co. v. Lancaster, Okl., 391 P.2d 224; and Johnston v. Town of Chelsea, Okl., 375 P.2d 904.

■ Plaintiff's direct evidence is sufficient to establish that only the driver was on the trailer; that neither he nor Mr. Hoss was engaged in moving the drill stem; that the drill stem would not roll off the trailer by itself; that the drill stem did roll

off the trailer. It is a reasonable inference from those circumstances that defendant's employee propelled it. We have determined the existence of the duty of the employee. Those elements plus the fact of injury and evidence of damages constituted a proper fact situation for determination by the jury. Therefore, we hold that the trial court did not err in overruling defendants' demurrer and motion for directed verdict.

Defendants' fourth specification of error is that the trial court erred in admitting in evidence the records of the hospital regarding plaintiff's care and treatment. All parties deem the authority for admission of the records to be confined within the rule of Hembree v. Von Keller, 189 Okl. 439, 119 P.2d 74.

Defendants waived identification of the hospital records, and the only specific objection entered in the trial was that the records contained hearsay evidence. In Hembree v. Von Keller, supra, we quoted with approval the rule set forth in Sharp v. Pawhuska Ice Co., 90 Okl. 211, 217 P. 214, as follows:

"To render book accounts admissible in evidence, they must be shown to have been correctly kept, to have been kept in the ordinary course of business as an essential part of the system of business, to have been made at or reasonably near the time of the transaction, to be books of original entries and shown to be relevant and material to the issue."

Before considering the specific objection that the records contained hearsay, we need to ascertain what was waived by defendants when they waived identification of the hospital records. It becomes apparent from reading the rule above quoted that it is divided into proof of two principal items. The first relates to identity as accounts correctly kept in the ordinary course of business as an essential part of the system of business, the entries of which were made at or reasonably near the time of the transaction and are books of original entries. The second relates to relevancy or

materiality of the accounts to the issue or issues involved.

██ A general waiver of identification of books and records, to be of any consequence, must be considered a waiver of proof of such facts as would otherwise be necessary to identify them for admission in evidence. Materiality or relevancy may or may not be waived. In the instant case defendants' specific objection related to the contents of the records, not to the identity of them.

██ In the Supplemental Opinion on Rehearing in Horn v. Sturm, Okl., 408 P.2d 541, we acknowledged the authority for introduction of hospital records, approved in Hembree v. Von Keller, supra, to have been Sharp v. Pawhuska Ice Co., supra, which was the rule for "books of account." We, thereupon, modified and clarified the rule as it relates to hospital records when we said:

"As a general rule hospital records are prepared during such time as the patient is undergoing treatment. Such records are undoubtedly necessary for the benefit of the patient, the doctors, and the hospital staff. Such records would be harmful to the patient and of no benefit to the doctors and hospital staff unless dependable and accurate. Those who make and keep the records for doctors and hospitals which are to be used professionally in the further care and treatment of the patient must undoubtedly be guided by the highest and purest motives of the medical profession. For this reason hospital records may be accepted in evidence with the presumption of verity. * * *."

██ Defendants' objections to the admission of the records at the trial did not specify the portions of the record to which they objected and we are not now aware of any evidence to which they object which can be said to have been prejudicial to them. Even if we were to hold that the admission of the records, or some portions of them, was error, because they are only repetitious of direct and competent testimony, or are

only details of general evidence properly admitted, we would view the admission as harmless error.

Moreover, the objection to admission of the records on the basis that they contain hearsay evidence is not a valid objection. The rule was intended to be an exception to the rule against hearsay evidence.

The judgment of the trial court is affirmed.

All Justices concur.