2012 OK CIV APP 67

**Christine McCLURE, Plaintiff/Appellant,**

v.

**SUNSHINE FURNITURE, Defendant/Appellee,**

and

**Stephen Shadwick and Terry Devitt, Defendants.**

**No. 109,892.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 5, 2012.

As Corrected June 13, 2012.

324

Ted Sherwood, Hugh M. Robert, Sherwood & McCormick, Tulsa, OK, for Plaintiff/Appellant.

John David Lackey, John R. Paul, The Paul Law Firm, Tulsa, OK, for Defendant/Appellee.

KEITH RAPP, Judge.

¶1 The trial court plaintiff, Christine McClure (McClure), appeals an Order overruling her motion to reconsider presented after the trial court granted summary judgment to the defendant, Sunshine Furniture (Sunshine).[1] All remaining defendants have been dismissed from the action or their

---

1. Sunshine Furniture is the trade name of Sunshine International, Inc. Record, Tab 8.

claims have been resolved.[2] This appeal proceeds under the provisions of Okla. Sup.Ct. Rule 1.36, 12 O.S.2011, ch 15, app. 1.

## BACKGROUND

¶ 2 For purposes of this appeal, it is undisputed that McClure was involved in an automobile accident on a highway. The accident occurred when a box containing folding chairs being transported in the back of a pick-up truck came loose and fell onto the roadway. The load included three boxes containing book cases, but these did not fall off the truck. The accident occurred during a rainstorm. The defendant, Terry Devitt (Devitt), drove the truck.

¶ 3 Devitt first picked up the box of chairs at Sam's. The box containing the chairs fit within the confines of the bed of his truck and was not otherwise secured. The bed of the truck is three feet deep with a sidewall and a tailgate.

¶ 4 He then proceeded to Sunshine's warehouse to pick up the bookcases. There, employees of Sunshine, unaided by Devitt, removed the box of chairs and loaded three boxes of bookcases. Although it is not clear, it appears from Devitt's testimony that the bookcase boxes were placed in the truck side by side such that they extended about two feet above the side. The employees then placed the box of chairs on top of the boxes of bookcases and secured the load with rope or thick twine.[3] The employees use their judgment about the manner in which the merchandise is loaded. The fact that Sunshine's employees loaded Devitt's truck is not disputed, although Sunshine denies any negligence.

¶ 5 Devitt checked the tie down and was satisfied. He began his journey back to his hometown. On the highway, he noticed that the box of chairs had fallen off the left side of his truck onto the highway. Devitt received a citation for an improperly secured load. He blamed Sunshine's employees for the chairs falling off the truck.

¶ 6 McClure was driving behind Devitt. She was unable to stop before striking the debris. The defendant, Stephen Shadwick (Shadwick), was driving behind McClure and he struck her vehicle from behind. McClure alleged that she sustained injuries and property damages. McClure alleged that Sunshine's employees acted in a negligent manner by failing to secure the box of chairs properly.

¶ 7 Sunshine moved for summary judgment, asserting two theories. First, Sunshine asserted that it did not owe any duty to McClure because they were not in privity with each other. As an alternative, Sunshine maintained that no evidence existed to support the element of breach of duty.

¶ 8 Sunshine listed fourteen undisputed facts in its summary judgment motion. In her response, McClure admitted some of the facts and specifically controverted others. McClure did not contest Sunshine's statements that the ropes, the boxes, and the furniture all had been destroyed, or altered by others prior to inspection by Sunshine or that there are no photographs pertinent to the incident. McClure did not contest Sunshine's statement that there was no evidence that the knots allegedly used by Sunshine's employees were negligently applied. McClure also did not controvert Sunshine's statement that it was not raining when Sunshine's employees loaded Devitt's truck.

¶ 9 Sunshine's statement of facts included statements that no evidence had been presented showing any negligence as to choice of rope, the knots, the tie down, or that Sunshine assumed a duty to McClure. The statement of facts also asserted that there was an absence of evidence to show that Sunshine acted or failed to act according to a standard of care which a reasonably careful

---

2. Sunshine had filed a cross-claim against another defendant, Stephen Shadwick, and a cross-claim against another defendant, Terry Devitt. Stephen Shadwick had filed a cross-claim against Sunshine. McClure states, without opposition, that all claims have been resolved. The Supreme Court has directed that the appeal proceed.

3. Devitt referred to the binding as rope or like thick twine. Sunshine's president called it twine. The material is not available in its form as used by the employees, because it was altered and used elsewhere subsequent to the accident.

person would employ under the same circumstances. All of these statements had the support of evidentiary materials and, in some instances, McClure's admissions.

¶ 10 McClure responded that a jury might infer that Sunshine's employees negligently secured or tied the load and did not exercise due care when loading Devitt's truck. McClure further claimed that a jury might infer that, by securing the load, Sunshine's employees assumed a duty to other motorists.

¶ 11 McClure added a series of facts drawn from Devitt's deposition and the deposition of Sunshine's president. Sunshine employees loaded the bookcases and arranged the load on Devitt's truck. Sunshine provided the rope or twine used to secure the load.

¶ 12 According to Sunshine's president, Sunshine employees exercise judgment about how to load a vehicle and whether a vehicle is suitable for a particular load. They do so in part so as to avoid liability "for situations that we can already foresee can constitute a danger." [4]

¶ 13 Sunshine filed a reply asserting that McClure was relying on *res ipsa loquitur* regarding her jury inference of negligence contention. Sunshine argued that no evidence supported this theory because the element of exclusive control was indisputably absent.

¶ 14 The trial court sustained Sunshine's motion without elaboration. In addition, the trial court awarded Sunshine summary judgment and judgment by default against Shadwick. Shadwick filed a motion to vacate and reconsider, citing authority and presenting written argument. McClure also filed a motion to reconsider, but the text adopted the motion to reconsider filed by Shadwick. The hearing on the motion was transcribed.

¶ 15 During the course of the hearing, counsel for McClure argued that the issue was whether it was foreseeable that McClure could be injured because of Sunshine's employees' conduct. Counsel argued that by loading, reloading, and tying the load on

Devitt's truck, Sunshine assumed a duty to motorists. In response to Sunshine's argument about the applicability of *res ipsa loquitur*, McClure acknowledged that that theory was not pled as to Sunshine.

¶ 16 The trial court denied McClure's motion to reconsider. McClure appeals.

## STANDARD OF REVIEW

¶ 17 The standard of review is set out in *Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 106–07.

> Summary relief issues stand before us for *de novo* review. All facts and inferences must be viewed in the light most favorable to the non-movant. Appellate tribunals bear the same affirmative duty as is borne by *nisi prius* courts to test for legal sufficiency all evidentiary material received in summary process in support of the relief sought by the movant. Only if the court should conclude there is no material fact (or inference) in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary relief in its favor. A trial court's denial of a motion for new trial is reviewed for abuse of discretion. Where, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our *de novo* review of the summary adjudication's correctness. Judicial discretion is abused when a trial court errs with respect to a pure, unmixed question of law.

¶ 18 One who defends against a claim and who does not bear the burden of proof is not required to negate the plaintiff's claims or theories in order to prevail on motion for summary judgment. When, as here, a defendant moves for summary judgment without relying upon an affirmative defense the defendant must show: (1) that no substantial factual controversy exists as to at least one fact essential to plaintiff's theory of the cause

---

4. It may be noted that the context of this statement was that employees make judgment calls to refuse an obvious safety issue, such as a mattress on top of a SUV. Deposition of Rundo, Record, Tab 13, Ex. B, pp. 25–26.

of action; and, (2) that the fact is in defendant's favor. Once a defendant has introduced evidentiary materials to establish these points, the plaintiff then has the burden of showing that evidence is available which justifies a trial of the issue. *Akin v. Missouri Pacific Railroad Co.*, 1998 OK 102, ¶ 8, 977 P.2d 1040, 1044; *Stephens v. Yamaha Motor Co., Ltd. Japan*, 1981 OK 42, ¶ 11, 627 P.2d 439, 441; *Runyon v. Reid*, 1973 OK 25, ¶¶ 12–13, 510 P.2d 943, 946.

## ANALYSIS AND REVIEW

¶ 19 In order to support an actionable claim under a negligence theory, it is necessary for a plaintiff to establish the concurrent existence of: 1) a duty on the part of the defendant to protect the plaintiff from injury; 2) the failure of the defendant to perform that duty; and 3) injury to the plaintiff resulting from such failure. *Tomlinson v. Love's Country Stores, Inc.*, 1993 OK 83, ¶ 7, 854 P.2d 910, 915. These three elements constitute "actionable negligence." *Faurot v. Oklahoma Wholesale Grocery Co.*, 1908 OK 85, ¶ 9, 95 P. 463, 465; 57A Am. Jur.2d Negligence, § 78 (1989). No actionable negligence claim can lie where the defendant has breached no duty owed to the plaintiff. *J.S. v. Harris*, 2009 OK CIV APP 92, ¶ 9, 227 P.3d 1089, 1092.

¶ 20 Here, the decision regarding summary judgment involves the first two elements.[5] The second element is also expressed as a want of ordinary care. "Ordinary care is the care which a reasonably careful person would use under the same or similar circumstances." OUJI–Civil, Instruction 9.3.

### A. Existence of Duty.

¶ 21 The first question for determination is: Does a duty, recognized by law, exist on the part of Sunshine, which requires that it conform to a standard of conduct so as to protect motorists, like McClure, against an unreasonable risk from an improper loading of furniture in a pick-up truck?

5. Sunshine did not argue absence of proximate or direct cause in its summary judgment motion and relied instead on its assertions that there was

¶ 22 A duty is a threshold question in any negligence case. Whether a duty exists presents a question of law which depends on the relationship between the parties and the general risks involved in the common undertaking. *Wofford v. Eastern State Hospital*, 1990 OK 77, ¶ 8, 795 P.2d 516, 518.

Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking. *See Union Bank of Tuscon [Tucson] v. Griffin*, 771 P.2d 219 (Okla. 1989). Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court. *Id.* 'Duty of care is not a concept that arises only by statute ... Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury.' *Union Bank*, 771 P.2d at 222.

> Professor Prosser had this to say: The assertion that liability must ... be denied because defendant bears no 'duty' to plaintiff begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.... [Duty] is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. (Prosser, *Law on Torts* [3d ed. 1964] at pp. 332–333.)

*Wofford*, 1990 OK 77 at ¶ 10, 795 P.2d at 519.

¶ 23 The most important of those policy considerations in the determination of whether a duty exits is foreseeability. The general rule is that a "defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all

no duty or breach of duty. This Opinion does not address any issue relating to the third element.

risks which make the conduct unreasonably dangerous." *Wofford,* 1990 OK 77 at ¶ 11, 795 P.2d at 519. Foreseeability as an element of duty establishes a "zone of risk," that is, whether the conduct "creates a generalized and foreseeable risk of harming others." *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, ¶ 8, 913 P.2d 1318, 1321; *McCain v. Florida Power Corporation,* 593 So.2d 500, 502–503 (Fla.1992). When a defendant's conduct "creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from harm that the risk imposes." *McCain,* 593 So.2d at 503.

¶ 24 The foreseeability component of duty is different than the foreseeability element of proximate cause. The latter is concerned specifically with whether and to what extent the defendant's conduct foreseeably and substantially caused the injury that occurred. *Delbrel,* 1996 OK 36 at ¶ 12, 913 P.2d at 1322; *McCain,* 593 So.2d at 502–503.

¶ 25 The question is whether the law imposes a duty upon Sunshine to lessen the risk or take precaution to protect others when, as here, Sunshine's conduct was to unload the chairs and then, reload, arrange and tie-down boxes of furniture in the bed of Devitt's pick-up truck, after which they were to then load, and secure the chairs on top of the furniture. Sunshine's president acknowledged that such activity may present a risk of injury, so his employees exercise judgment about how to accomplish the loading task or whether to refuse the task. The conclusions that may be drawn from these statements are: (1) injuries can occur when furniture is improperly loaded, and (2) Sunshine is aware of that fact.

¶ 26 Thus, this Court holds that Sunshine does have such a duty. In other words,

it is foreseeable that other motorists could be harmed by improper loading of Devitt's truck.[6] In such cases, the law imposes upon Sunshine an obligation to lessen the risk or to take precaution to protect others coming within the zone of risk. "The duty to exercise ordinary care to prevent injury evolves upon anyone without regard to the legal relationship between the parties, whenever the circumstances are such that an ordinarily prudent person could reasonably apprehend that by the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury." *Nye v. Cox,* 1968 OK 50, 440 P.2d 683 (Syl.3). Moreover, under the facts submitted for summary judgment, McClure is a person coming within the zone of risk.

### B. Sunshine's Breach of Duty.

#### 1. McClure May Use Circumstantial Evidence.

¶ 27 The next question is whether Sunshine breached its duty. "In all actions the plaintiff, to recover against the defendant, must prove not only that a wrong has been committed against him, but that the defendant committed the wrong or is responsible for it." *Kingkade Hotel Co. v. Keggin,* 1953 OK 152, 257 P.2d 504 (Syl.1). The breach of duty element has also been termed "primary negligence." *Greyhound Corp. v. Gonzales De Aviles,* 1963 OK 223, ¶ 12, 391 P.2d 273, 275.

¶ 28 The fact of injury, standing alone, does not create a presumption of negligence.[7] *Lyons v. Valley View Hosp.,* 1959 OK 126, 341 P.2d 261 (Syl.1). Here, McClure presented no direct evidence of breach of duty and he does not rely on *res ipsa loquitur.*

¶ 29 However, it must be kept in mind that this is a summary judgment review. All

---

**6.** The parties acknowledge that State law forbids improperly securing a load in a vehicle that will be on the roadway.

**7.** The mere fact of injury does not permit use of the inference of breach of duty under *res ipsa loquitur. National Union Fire Ins. Co. v. Elliott,* 1956 OK 182, ¶¶ 12–13, 298 P.2d 448, 451. The doctrine of *res ipsa loquitur,* "the thing speaks for itself," is a rule of evidence only, and not a

rule of substantive law. The inference of a breach of duty arises only from an established foundation fact. *National Union Fire Ins. Co.,* 1956 OK 182, 298 P.2d 448 (Syl. 1 and 2). However, McClure does not rely on that theory, apparently because of the inability to satisfy the exclusive control element. *See* Oklahoma Uniform Jury–Civil, Instruction 9.13.

facts and inferences must be viewed in the light most favorable to the non-movant. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051. Even though the facts may not be controverted, if reasonable persons may draw different conclusions from these facts summary judgment must be denied. *Bird v. Coleman,* 1997 OK 44, 939 P.2d 1123.

¶ 30 Here Sunshine's summary judgment materials, bolstered in part by McClure's admissions, establish the absence of evidence to show that Sunshine's employees acted or failed to act according to a standard of care which a reasonably careful person would employ under the same circumstances. In other words, Sunshine made a preliminary showing that it was entitled to summary judgment because McClure had no direct evidence to demonstrate the second element of her case, the breach of duty or want of ordinary care.

¶ 31 As a result, McClure then had the burden of showing that evidence is available which justifies a trial of the breach of duty issue. Moreover, McClure must meet this burden without the aid of *res ipsa loquitur.* McClure utilized the inference as the basis to argue that the issue of breach of duty is for the jury. In *Greyhound Corp. v. Gonzales De Aviles,* 1963 OK 223, 391 P.2d 273 (Syl.3), the Court held:

> An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence.

¶ 32 Circumstantial, or indirect, evidence is "that evidence from which inferences must be drawn in determining the existence of the disputed fact." Leo H. Whinery, Commentary on the Law of Evidence, Vol. 2, § 14.04 (1994). In *Stumpf v. Montgomery,* 1924 OK 360, 226 P. 65 (Syl.5), the Court held:

> An inference is a permissible deduction from the evidence, and in dealing with inference the jury is at liberty to find the ultimate fact one way or the other as it may be impressed by the testimony, and the reasonable and permissible deductions therefrom. Inferences have no significance as to the duty of either party to produce evidence, and the jury may give to inferences whatever force or weight it thinks they are entitled to.

¶ 33 During the hearing on the motion to reconsider, counsel for McClure summarized the case as:

> Here the operator of the truck did not engage in loading or securing the load. He let Sunshine Furniture do that. He made no stops. There were no other intervening events. He's on the highway. He's not speeding. He's driving down 44(sic), and the load comes off suddenly in front to the plaintiff.

> We think that those facts in and of themselves raise an inference that at the very least qualifies for the jury to decide as to whether or not the Defendant's employees were negligent.[8]

¶ 34 McClure's case concedes the absence of *direct* evidence of breach of duty or want of ordinary care. However, McClure does have direct evidence showing that Sunshine's employees unloaded the box of chairs, reloaded the pick-up with the boxes of bookcases and then the box of chairs, and that the chairs fell off Devitt's truck while it was traveling on the roadway. McClure does not have direct evidence as to how Sunshine's employees performed their loading task or of the materials used for binding. Therefore, McClure relies on circumstantial evidence that Sunshine breached its duty. She contends that the trier of fact may draw inferences from these circumstances.[9]

> "Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts that tend to show the guilt or innocence of a defendant. It is proof of a chain of facts

---

8. Record, Tab 26, p. 10.

9. The civil jury instructions do not provide an instruction on these evidentiary matters. However, the jury instructions in criminal cases do so and the definitions given are instructive here.

¶ 35 Thus, the first inquiry is: May a plaintiff, such as McClure, rely on circumstantial evidence to establish the element of breach of duty in a negligence action? If yes, then the second question is: Has McClure satisfied her burden, for purposes of summary judgment, to show that a question exists for the trier of fact on the issue of breach of duty. In that regard, the causal connection between the breach of duty and the injury presents a discrete question of proof.

¶ 36 The proof of breach of duty was circumstantial in *Dumas v. Wagoner*, 1956 OK 295, ¶ 7, 304 P.2d 991, 993–94. The Court ruled that the issue was then one for the jury's decision. *Dumas*, 1956 OK 295 at ¶ 7, 304 P.2d at 993–94. In *Covington Coal Prods. Co. v. Stogner*, 1937 OK 559, 72 P.2d 491, the failure to exercise due care, the place of the injury and the manner in which the injury was sustained were subject to proof by circumstantial evidence and the Court approved. *See Miller v. Dobbs*, 1937 OK 500, ¶ 5, 71 P.2d 737, 738 ("Whether there has been an exercise of proper care in a given case is ordinarily a question of fact to be determined by a jury or where a jury is waived by the court from all of the circumstances surrounding the transaction.") The Court, in *Towery v. Guffey*, 1960 OK 242, ¶ 13, 358 P.2d 812, 814–15, ruled:

> The law does not require every fact and circumstance which make up a case of negligence to be proved by direct and positive evidence or by the testimony of eye witnesses. Proof of the fact of negligence may rest entirely in circumstances; in other words, circumstantial evidence alone

may authorize a finding of negligence. Hence, negligence may be inferred from all the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts, a prima facie case is made.

¶ 37 Therefore, this Court holds that McClure may prove the element of breach of duty by inference from circumstances, when such circumstances "take the case out of the realm of conjecture and within the field of legitimate inference from established facts."

¶ 38 Proof by circumstantial evidence and utilization of the evidentiary aid of *res ipsa loquitur* are not the same. Employment of *res ipsa loquitur* permits an inference of negligence from the physical cause of an accident when the instrumentality is under the exclusive control of the defendant. Sometimes the use of *res ipsa loquitur* is not possible, such as here, because of the absence of the exclusive control element.[10] Nevertheless, a plaintiff may prove negligence by circumstantial or direct evidence of acts from which negligence may be inferred without the aid of *res ipsa loquitur*. *Eaves v. City of Ottumwa*, 240 Iowa 956, 38 N.W.2d 761, 769 (Iowa 1949); *Herrera v. Fleming Companies, Inc.*, 265 Neb. 118, 655 N.W.2d 378, 383 (2003) (circumstantial evidence to show that defendant acted negligently); *Menth v. Breeze Corp.*, 4 N.J. 428, 73 A.2d 183, 187 (1950); *M. Dietz & Sons, Inc. v. Miller*, 43 N.J.Super. 334, 128 A.2d 719 (N.J.Super.A.D.1957); 57B Am. Jur.2d Negligence, § 1836 (1989).

and circumstances that indicates either guilt or innocence.
OUJI–Criminal 9–3.

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.
OUJI–Criminal 9–2.

You are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered

with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the fact which you find to have been established by the testimony and evidence in the case.
OUJI–Criminal 9–1.

10. A plaintiff has to prove that it is the defendant who is negligent. In *res ipsa loquitur* cases, the "exclusive control" criterion serves the function of connecting the defendant to the negligent event. *Novak Heating & Air Conditioning v. Carrier Corp.*, 622 N.W.2d 495, 498 (Iowa 2001).

¶ 39 Thus, the first question is answered in the affirmative.

### 2. Sufficiency of McClure's Summary Judgment Response.

¶ 40 The next inquiry is to determine whether McClure satisfied her burden for purposes of summary judgment to show that a question exists for the trier of fact on the issue of breach of duty. She has shown that Sunshine employees have authority to exercise judgment with regard to loading furniture for its customers. The employees unloaded the chairs and reloaded Devitt's truck with the additional furniture and the chairs. The boxes of bookcases from Sunshine were placed on the bottom and the original load of a box of chairs was placed on top of the bookcases. McClure has shown that Sunshine employees supplied the binding material and secured the load by tying it with some form of rope or twine, as a binding to secure the load. However, the type of rope or twine material used to tie the load is not available. Devitt tested the binding and thought it to be secure, but he did not assist in the loading and reloading, nor did he question the binding ties. It was not raining when Devitt left Sunshine and the rain started on his way to his destination. Devitt was driving on the roadway when he noticed that the box of chairs had fallen off the truck. The accident followed.

¶ 41 Based upon the rules governing summary judgment, and the review of the record here, this Court finds that McClure has demonstrated that an issue of fact exists regarding whether Sunshine breached its duty. Therefore, the court erred by granting summary judgment.

### CONCLUSION

¶ 42 Sunshine's summary judgment motion asserts that it has no duty to McClure or that there is no evidence showing breach of duty, if one exists. This Court holds that Sunshine has a duty to persons on the roadway, such as McClure, when its employees unload, reload and arrange boxes of furniture in the bed of a pick-up truck and also secure same with twine or rope as a binding.

¶ 43 In its motion, Sunshine has presented evidentiary materials to show that there is an absence of evidence proving that Sunshine breached its duty. However, McClure may prove the element of breach of duty by inference from circumstances without the aid of *res ipsa loquitur,* when such circumstances "take the case out of the realm of conjecture" and are "within the field of legitimate inference from established facts." This Court concludes that McClure has satisfied her burden in a summary judgment proceeding to show that an issue of fact exists regarding whether Sunshine breached its duty.

¶ 44 The trial court erred by granting summary judgment to Sunshine. The cause is reversed and remanded for further proceedings.

¶ 45 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, P.J., concurs, and THORNBRUGH, J., concurs specially.

THORNBRUGH, J., concurring specially:

¶ 1 I would hold that, even though Sunshine may not have had a duty with regard to securing the furniture in the first instance, when it volunteered to assume that duty by its conduct it was obliged to exercise ordinary care and is liable for injury resulting from its failure to do so. *Fry Land and Cattle Co. v. Colorado Interstate Gas Co.,* 1990 OK CIV APP 113, ¶ 4, 805 P.2d 695, 696–97. I also concur that a party may properly demonstrate the existence of a material fact in dispute by inference and circumstantial evidence, which in this case was sufficient to defeat Sunshine's motion for summary judgment. *Copeland v. Tela Corp.,* 1999 OK 81, ¶ 4, 996 P.2d 931, 932.