**The ERIE BANK, a Colorado state bank, Petitioner,**

**v.**

**The UNITED STATES DISTRICT COURT FOR the DISTRICT OF COLORADO and the Honorable William E. Doyle, one of the Judges thereof, Respondents.**

**No. 8733.**

United States Court of Appeals Tenth Circuit.

June 24, 1966.

Ira C. Rothgerber, of Rothgerber, Appel & Powers, Denver, Colo., for petitioner.

Edward C. Hastings, of Hastings & Chisen, Denver, Colo., for National Dental Plan, Inc.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This is an original proceeding filed by petitioner, The Erie Bank, a Colorado State bank, to compel the United States

District Court for the District of Colorado and the Honorable William E. Doyle, one of the judges of that court, to dismiss a counterclaim filed in an interpleader suit by a claimant to the fund against the plaintiff and to sustain objections to interrogatories propounded by the claimant to the interpleading plaintiff.

The Erie Bank, a Colorado corporation, filed its complaint in the United States District Court for the District of Colorado against the National Dental Plan, Inc., a Colorado corporation, Dennis Radford, Jr., and Robert C. Montrose, as defendants. The action was in the form of an interpleader and the jurisdiction of the court was invoked pursuant to 28 U.S.C. § 1335. Plaintiff disclaimed any interest in the fund interpleaded. In answer, defendant National Dental Plan, Inc., admitted certain paragraphs of the complaint and denied generally the remaining part. It also filed a counterclaim against the bank claiming damages in the amount of $125,000 and a cross-claim against the other two defendants as to the entire interpleaded fund. The bank filed a motion to dismiss the counterclaim on the ground it was not an "opposing party" within the meaning of Rule 13, F.R.Civ. P. It also objected, by motion, to interrogatories propounded to it by National on the ground that it is not an adverse party under Rule 33, F.R.Civ.P. The trial judge denied both motions, permitting all parties to proceed with discovery and recited in his order "At the pre-trial conference, or at such later time as sufficient facts are disclosed, Erie may renew its motions."

■ Because the order complained of is not a final order and thus not appealable, petitioner has resorted to Section 1651, the All Writs Act, asking this court to grant relief in the alternative, either by the issuance of a writ of prohibition or a writ of mandamus. Under this Act, a Court of Appeals may issue an appropriate writ in aid of both its then existing or its prospective jurisdiction which the Congress has given it over district courts.[1] Such appellate court has authority to issue an appropriate writ to review a non-appealable interlocutory order, as is presented here, where the court has appellate jurisdiction over a final judgment to be rendered in the case and it is improper to postpone review until a final judgment in the case is reached and an appeal can be taken. The prerogative writs should not be used as a substitute for appeal and their use "should be reserved as a supplementary method for the review of orders that are more than routine and which approach the exceptional, * * *."[2]

■ The motion to dismiss the counterclaim, filed in the action below by the bank, goes to the jurisdiction of the court to further proceed as to the counterclaim. This court, in First National Bank in Dodge City v. The Johnson County National Bank and Trust Co., etc., et al., 331 F.2d 325, held that in an interpleader suit, where the plaintiff asserts no claim to the interpleaded fund, a counterclaim cannot be asserted by one of the claimants to the fund against the plaintiff because they are not "opposing parties" within the meaning of Rule 13, F.R.Civ.P. The facts presented here fall squarely within that decision and the bank's motion to dismiss the counterclaim should have been granted. It should also be noted, in support of petitioner's position, that both the bank and National Dental Plan, Inc., are Colorado corporations, so there can be no diversity jurisdiction of the counterclaim in the federal court. To deny the motion to dismiss, allow the parties to exhaust discovery and then permit the bank to renew the motion at the pre-trial conference compels petitioner here to expend time and money on discovery, answer interrogatories uselessly and participate in a pre-trial conference that is unnecessary for the proper disposition of the alleged counterclaim. We believe all of the cir-

1. McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.

2. 6 Moore's F.P. 86, 87, 88.

cumstances presented make this an exceptional case and justifies resort to the prerogative writs.

Petitioner also asks us to grant it relief from answering the interrogatories but we need not consider that request in view of the relief otherwise granted.

A writ of mandamus will issue herein directing the respondents to dismiss the counterclaim of National Dental Plan, Inc., against The Erie Bank without prejudice.

