**PHILLIPS PETROLEUM COMPANY,**
**Plaintiff-Appellee,**

v.

**RIVERVIEW GAS COMPRESSION**
**COMPANY et al.,**
**Defendants-Appellants.**

**No. 74–2009.**

United States Court of Appeals,
Fifth Circuit.

May 22, 1975.

Rehearing and Rehearing En Banc
Denied June 18, 1975.

Maston C. Courtney, Amarillo, Tex., for Riverview Gas Compression Co. and others.

Paul H. Smith, San Antonio, Tex., Robert J. Hearon, Jr., Austin, Tex., for William Day, Jr.

C. J. Roberts, Jack Ritchie, Thomas L. Cubbage, II, Amarillo, Tex., for plaintiff-appellee.

Charles S. Beck, San Antonio, Tex., for Santa Fe Oil.

Before TUTTLE, GEWIN and GOLD-BERG, Circuit Judges.

GOLDBERG, Circuit Judge:

This is the third case in today's suspense money trilogy; here, as in Phillips Petroleum Co. v. Adams, 5 Cir. 1975, 513 F.2d 355, and in First National Bank v. Phillips Petroleum Co., 5 Cir. 1975, 513 F.2d 371, we are asked to determine whether interest should be paid on suspense money held by Phillips Petroleum Company [Phillips] in varying amounts since 1955, and now due as partial payment for gas produced pursuant to percentage-of-proceeds sales contracts similar to those involved in *Adams* and *First National Bank*. The district court ruled that Phillips was not liable for any interest. For the reasons stated in our *Adams* opinion, we believe that Phillips must pay interest on the suspense money that it held and used for so long; we reverse the judgment of the district court.

From June 26, 1955, until September 30, 1970, Phillips took casinghead gas from lands belonging to the various claimants here, and situated in Hutchinson County, Texas. These purchases were made according to several percentage-of-proceeds sales contracts, and, as in *Adams* and *First National Bank*, Phillips made monthly payments to the holders of the particular mineral estates on the basis of the "firm proceeds" of its sales to third parties. Phillips withheld payment of the suspense money which it collected pending Federal Power Com-

mission approval of the higher rates which the pipeline company actually charged its own customers throughout the period of the disputed sales. The mineral rights to the two tracts of land involved in this case changed hands so often during this fifteen-year period, that we will not attempt to trace all of those transactions. Suffice it to say that the assignments were of the sort in controversy in *Adams* and *First National Bank*, and that after the FPC's Hugoton-Andarko Rate Case, Op: 586, 44 F.P.C. 761, aff'd, 9 Cir. 1972, 466 F.2d 974, apprised Phillips of which portion of the suspense money it could keep and which it had to refund to its customers, the assignor-claimants and assignee-claimants here beseiged Phillips with conflicting demands for the $275,220.53 now due for the gas which the pipeline company had purchased between 1955 and 1970. Phillips commenced this interpleader action on March 12, 1973, and made an unconditional tender of the funds into court at that time, although it did not actually pay the money into the court registry until February 11, 1974.

Before this case went to trial, the several claimants, assignors and assignees alike, adopted the salutary course of resolving their disagreements with respect to the principal sum of the suspense money, in settlement agreements dated June 1, 1973, and January 31, 1974, so that neither the district court nor this court has been forced to unravel the various entitlements to the principal sum. The only question submitted to the district court was whether Phillips should pay interest on the suspense money for the fifteen years in which the pipeline company enjoyed the use of the money; for the reasons set out at length in *Adams*, we conclude that the law of Texas permits the award of interest here, and that equitable considerations require such an award. This case differs from *Adams* and *First National Bank* in that both assignors and assignees here demand interest, and in that all these claimants ask for interest for the entire period in which Phillips held and used the principal sum to which they are now entitled. Another distinguishing feature of this case is that the claimants have agreed on the division of interest in the settlement agreements referred to above. We now remand this case to the district court for a determination of the amount of interest which Phillips must pay to each of the various claimants, consistent with *Adams* and the settlement agreements. For the reasons stated in *Adams*, Phillips need not pay interest for the period subsequent to March 12, 1973, the date of its unconditional tender of the principal sum into court.

Reversed and remanded.