FIRST NATIONAL BANK OF BOR-
GER, as Independent Executor of the
Estate of A. L. Robinson, et al., Plain-
tiffs-Appellants,

v.

PHILLIPS PETROLEUM COMPANY,
Defendant-Appellee.

PHILLIPS PETROLEUM COMPANY,
Plaintiff,

v.

ALSTAR PRODUCTION
CORPORATION,
Defendant-Appellant,

v.

First National Bank of Borger, as Inde-
pendent Executor of the Estate of A.
L. Robinson, et al., Defendants-Appel-
lees.

No. 74–2230.

United States Court of Appeals,
Fifth Circuit.

May 22, 1975.

Rehearing and Rehearing En Banc
Denied June 18, 1975.

John E. Morrison, Borger, Tex., R. A. Wilson, Amarillo, Tex., for Alstar Prod. Corp.

R. C. Hamilton, Amarillo, Tex., for First Nat. Bank and others.

C. J. Roberts, T. L. Cubbage, II, Jack Ritchie, Amarillo, Tex., for Phillips Petroleum Co.

Before TUTTLE, GEWIN and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

■■ This case presents questions similar to those involved in Phillips Petroleum Co. v. Adams, 5 Cir. 1975, 513 F.2d 355, and Phillips Petroleum Co. v. Riverview Gas Compression Co., 5 Cir. 1975, 513 F.2d 374. Here, as in *Adams,* there is a dispute between assignor-claimants and assignee-claimants over entitlement to suspense money constituting partial payment for gas produced under casinghead gas contracts and sold to Phillips Petroleum Company [Phillips]. The district court awarded the principal sum of the suspense money to the assignor-claimants, the Robinson family, and refused to award the Robinsons interest on those funds at Phillips' expense. The assignor-claimants, the assignee-claimants and Phillips all appeal. Since this case is in no way distinguishable from *Adams,* we rely upon the reasoning of that decision to affirm the judgment of the district court with respect to entitlement to the principal sum, and to reverse the lower court's resolution of the interest issue.

On May 1, 1956, July 13, 1956, and May 18, 1964, the Robinson family entered into various contracts with Phillips whereby the Robinsons agreed to sell casinghead gas produced on five leases held by them in Carson and Hutchinson Counties, Texas, for which Phillips agreed to pay a price based on the average price of Panhandle Field gas obtained by Phillips in sales to third parties. From May 1, 1956, until January 1, 1965, Phillips purchased gas from the Robinson family pursuant to these contracts, making monthly payments based on the "firm proceeds" of its own sales to third parties, and withholding suspense money collected pending the FPC's approval of increased prices charged by Phillips to its customers. On January 9, 1965, the Robinson family assigned their mineral interests in the five leases to Alstar Production Company [Alstar]. In the assignment, the Robinsons agreed to "BARGAIN, SELL, TRANSFER, ASSIGN and CONVEY" their five "oil, gas and mining leases" to Alstar, with the further provisions that:

The above leases are assigned subject to such valid and subsisting casinghead gas contracts as are currently in force and effect.

TO HAVE AND TO HOLD said leases, and all rights thereunder or incident thereto, together with all personal property used or obtained in connection therewith, to [Alstar], its heirs and assigns, forever.

[The Robinsons also convenant that they are] the lawful owners of said leases and rights and interests thereunder and of the personal property thereon, or used in connection therewith, to the extend covered by this assignment; that the [Robinsons] have good right and authority to sell and convey the same, and that the rights, interests and properties are free and clear of liens and encumbrances. . .

Notwithstanding the date of execution hereof, this Assignment is effective January 1, 1965, at 7:00 A.M.

After the FPC issued its order in the Hugoton-Andarko Rate Case, Op: 586, 44 F.P.C. 761, aff'd, 9 Cir. 1972, 466 F.2d 974, both the Robinson family and Alstar demanded that Phillips pay them the $76,600.44 in suspense money now due as partial payment for gas produced on the

properties during 1956–1965—the period in which the Robinsons held title to the mineral interests involved. The Robinsons sought to convince Phillips that their conveyance of the mineral leases to Alstar had not passed the right to the suspense money, if and when it became due and payable, and Alstar argued just as vehemently that the assignment conveyed the Robinson family's contingent rights to Alstar. On March 29, 1973, the Robinsons filed a contract action in federal district court to recover the suspense money now due and payable by Phillips, plus interest. Phillips simultaneously filed a complaint in interpleader in the same court, asking the district court to determine its contractual obligations, and offering to pay the disputed funds into court; neither the Robinsons nor Alstar acted upon the pipeline company's tender, and Phillips finally paid the money into court on its own motion, on December 21, 1973.

The assignment here differs from the one involved in *Adams* in that this one contains a "subject to" clause and an habendum ("To Have and To Hold") clause. As Alstar correctly points out, the "subject to" clause merely clarifies the document by showing that the mineral rights passed thereby are burdened with the casinghead gas contracts. The clause conveys no rights that are not conveyed elsewhere in the assignment. *See* 2 H. Williams & C. Meyers, Oil & Gas Law § 340. Although the habendum, or production, clause in an assignment of mineral rights ordinarily sets the term of the lease and requires the lessee to produce oil or gas on the property if he is to continue to enjoy rights thereunder after the expiration of the fixed term, *see* 1 E. Brown, The Law of Oil & Gas Leases § 5.01, this habendum clause simply establishes a perpetual term for the assignment, and requires no production except that, if any, already required by the preceding "subject to" clause and the casinghead gas contracts. This habendum clause also enumerates the interests assigned, but the parties agree that there is no magic in the words "to have and to hold" in this particular provision sufficient to convey interests that the parties did not agree to convey elsewhere in the assignment.

Since the "subject to" and habendum clauses do not distinguish this assignment in any significant respect from the document we construed in *Adams,* it follows that the Texas law of property and contractual construction requires us to conclude that the Robinson family did not assign their contingent rights to the suspense money to Alstar. Phillips must now pay the Robinsons in full for the gas taken from their lands in 1956–1965.

The equitable considerations surrounding the problem of interest here are no different from the ones we faced in *Adams,* and our resolution of the issue is the same as in that case. Phillips would ordinarily have to pay interest to the Robinsons for the period in which the pipeline company held and used the suspense, that is, on the basis of monthly increments from May 1, 1956, until January 1, 1965, and on the entire principal sum of the suspense money from January 1, 1965, until March 29, 1973, the date of Phillips' unconditional tender of the money into court. However, the Robinson family has asked for interest only from October 1, 1970, the effective date of the FPC's *Hugoton-Andarko* order, and their recovery must be so limited. As there was no evidence presented below with respect to the amount of Phillips' interest obligation, we remand the case to the district court for further proceedings not inconsistent with this *opinion.*

Affirmed in part; reversed in part and remanded.