PHILLIPS PETROLEUM COMPANY,
Plaintiff-Appellant,

v.

Grady HAZLEWOOD,
Defendant-Appellee,

Alstar Production Corporation,
Defendant-Appellant.

No. 76–1290
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 23, 1976.

Jack Ritchie, Thomas L. Cubbage, II, Amarillo, Tex., C. J. Roberts, Lloyd G. Minter, Bartlesville, Okl., for Phillips.

John E. Morrison, Thomas L. Edmonds, Borger, Tex., for Alstar Production Corp.

R. C. Hamilton, Amarillo, Tex., for Grady Hazlewood.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

This interpleader action involves competing claims to suspense money constituting partial payment for casinghead gas sold to Phillips Petroleum Company. The district court awarded the suspense money, plus interest, to defendant Hazlewood, the assignor-claimant, and denied attorney's fees to the stakeholder Phillips. Alstar Production, the assignee-claimant, and Phillips both appeal.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Hazlewood entered into a casinghead gas contract with Phillips on January 11, 1962, under which Hazlewood was to receive a percentage of the price Phillips was paid by the purchaser of the casinghead gas. Phillips charged its customer more than the maximum rate approved by the Federal Power Commission but held the excess in suspense. The excess was subject to refund to Phillips' purchaser in the event the higher rates were not ultimately approved by the FPC. Hazlewood received payment based only on the maximum allowable rate, with an understanding that his percentage of the suspense fund would be paid if and when it was approved by the FPC. The higher rates were only partially approved by the FPC, so that Phillips was required to return a portion of the suspense monies to the purchaser and to pay $56,587.60 under the casinghead contract on the retained amount. The FPC issued its order on September 18, 1970.[1] On June 1, 1968, Hazlewood assigned the lease in question to Alstar Production Corporation. Alstar claims that the assignment conveyed the right to receive the $56,587.60 being held by Phillips.[2]

■ This case presents questions similar to those involved in *Phillips Petroleum Co. v. Adams*, 513 F.2d 355 (5th Cir. 1975), and its companion cases of *First National Bank of Borger v. Phillips Petroleum Co.*, 513 F.2d 371 (5th Cir. 1975), and *Phillips Petroleum Co. v. Riverview Gas Compression Co.*, 513 F.2d 374 (5th Cir. 1975). The assignment here differs from the one involved in *Adams* in that it contains the following clause:

This assignment is made subject, also, to the terms and provisions of that certain Casinghead Gas Contract, made and entered into by and between Grady Hazlewood, as "seller" and Phillips Petroleum Company, as "buyer" on the 11th day of January, 1962, recorded in Volume 267 at Page 72 of the Deed Records of Hutchinson County, Texas, but covers and includes all of Assignor's rights therein and thereunder.

As this court held in *First National Bank of Borger,*

The "subject to" clause merely clarifies the document by showing that the mineral rights passed thereby are burdened with the casinghead gas contracts. The clause conveys no rights that are not conveyed elsewhere in the assignment.

513 F.2d at 373. Since the "subject to" clause does not distinguish this assignment in any significant respect from the document construed in *Adams* and in *First National Bank of Borger*, we conclude that Hazlewood did not assign his contingent rights to the suspense money to Alstar. Phillips must now pay Hazlewood the $56,587.60.

■ The stakeholder Phillips complains that the district court did not have jurisdiction to entertain Hazlewood's counterclaim against it for interest because a stakeholder is not an opposing party as required by Rule 13, Fed.R.Civ.P.[3] We find the question of a counterclaim for interest on the interpleaded funds already settled in this circuit by the trilogy of *Adams, First National Bank of Borger,* and *Riverview Gas Compression Co.,* all of which awarded interest against the same stakeholder, Phillips, in an interpleader suit.

---

1. Hugoton-Anadarko Rate Case, Op: 586, 44 F.P.C. 761, aff'd, 466 F.2d 974 (9th Cir. 1972).

2. This sum was paid by Phillips to Alstar on June 20, 1971, under an agreement that Alstar would repay Phillips the money and indemnify it for any loss, together with interest. Phillips tendered the money into the registry of the trial court on November 5, 1973.

3. Phillips cites a line of 10th Circuit cases holding that in an interpleader suit where the plaintiff asserts no claim to the fund, a claimant cannot raise a counterclaim against the plain-

tiff because the plaintiff and the complainants are not opposing parties. See *Northern Natural Gas Co. v. Grounds,* 441 F.2d 704, 751 (10th Cir. 1971), *cert. denied,* 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1974); *Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425, 428–29 (10th Cir. 1966), *cert. denied,* 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967); *Erie Bank v. United States District Court,* 362 F.2d 539, 540–41 (10th Cir. 1966), and *First National Bank v. Johnson County National Bank & Trust Co.,* 331 F.2d 325, 328 (10th Cir. 1964).

Phillips complains of the district court's refusal to allow it attorney's fees. In an interpleader suit, the award of attorney's fees is within the discretion of the court. 3A Moore's Federal Practice, ¶ 22.-16[2] at 3144–56. This court has held that attorney's fees may be denied when the interpleader is not a mere stakeholder but has a substantial controversy with one of the claimants. *Century Ins. Co. v. First National Bank of Hughes Springs*, 102 F.2d 726 (5th Cir. 1939); see also *Aetna Life Ins. Co. v. Harley*, 365 F.Supp. 1210 (N.D.Ga. 1973). The trial court found that Phillips was not a mere stakeholder but actively took a position opposing Hazlewood's claims and supporting the claims of Alstar. Given this finding, the trial court did not abuse its discretion in denying Phillips' request for attorney's fees.

We affirm the district court and note our failure to comprehend appellants' purpose in appealing questions so recently and clearly decided against them by this court.

AFFIRMED.