FRY LAND AND CATTLE COMPANY, Appellee,

v.

COLORADO INTERSTATE GAS COMPANY, Appellant.

No. 72800.

Court of Appeals of Oklahoma, Division No. I.

Dec. 26, 1990.

As Corrected Jan. 14, 1991.

them in this appeal. We offer no opinion on their effect on these or other claims.

Stanley Ed Manske, Boise City, for appellee.

Karen L. Pauley, Colorado Springs, Colo., for appellant.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Colorado Interstate Gas Company (CIG) claims the trial court erroneously gave judgment to Fry Land and Cattle Company for the value of cattle Fry claims were lost because CIG failed to properly install and maintain a fence around its metering facility. Trying this small claims case to the court, both parties agreed CIG's facility was located on Fry's land in one corner of his pasture. Mr. Fry testified that some time prior to the loss of the cattle, the fence around CIG's facility deteriorated, and he placed some panels in the fence line to keep his cattle from escaping from the pasture into CIG's facility and from there to other property. CIG's supervisor agreed that Fry's repairs to the fence were sufficient to restrain his cattle in the pasture.

Because Fry's panels also interfered with CIG's most convenient access to its facility, CIG elected to remove the old fence, including the panels installed by Fry, and constructed a new fence, including a gate. Subsequently, Fry discovered some of his cattle inside the fenced area of CIG's facility. Fry and another witness testified the fence and gate had been damaged, allowing Fry's cattle to enter CIG's area. Returning the cattle to his pasture, Fry discovered seven head missing, and after efforts to locate them failed, he filed his claim against CIG. In addition, the trial court heard evidence tending to show the cattle did not escape Fry's pasture through some other breach in the fence or by other means.

After hearing this and other evidence, including CIG's cross-examination of Fry which tended to cast doubt on his motives in bringing the claim and suggested he had not been as aggressive in his search for these lost cattle as for others he had lost, the trial court returned a verdict in Fry's favor for the undisputed value of the lost cattle. CIG claims the evidence will not support that verdict.

 At the outset, CIG argues it had no duty to restrain Fry's cattle and keep them in his pasture. Rather, CIG says, 4 O.S.1981 § 98 placed that duty upon Fry. While CIG's argument is correct as a general statement of law, it does not apply under the particular circumstances which the trial court found to exist. Even when a person has no duty to act with regard to a matter, if he volunteers to assume that duty, either expressly or by his conduct, he must exercise ordinary care and is liable for injury resulting from his failure to do so. See 65 C.J.S. Negligence, § 4(4), at 491, and cases cited therein. By removing the fence which Fry had repaired in fulfilling his § 98 responsibility and replacing it

with another, CIG assumed the duty of acting reasonably to insure its actions did not cause injury to Fry or others.

■ Even if it had a duty, CIG argues, Fry did not prove it acted negligently. The trial court heard evidence tending to show that the gate and hinge installed by CIG was not strong enough to withstand expected pressures caused by cattle rubbing and pushing against it. In a negligence case, what is reasonable conduct under the circumstances is almost always a question of fact for the jury. *Enid Transfer & Storage Co. v. Mollenhauer,* 207 Okl. 654, 251 P.2d 1068 (1953). In a case tried to the court, the trial judge's decision on a question of fact is entitled to the same deference accorded a verdict of a jury, and it will not be reversed if there is any evidence reasonably supporting that decision. *Walker v. Duncan,* 469 P.2d 647 (Okla. 1970). The trial court's finding of negligence by CIG is reasonably supported by the evidence.

■ Finally, CIG claims there was inadequate evidence the cattle were lost because Fry had not reported the loss to law enforcement as he had in the past with some success. In so arguing, CIG essentially asks us to evaluate Fry's credibility, a task committed solely to the trial court in this case. We will not disturb the trial court's evaluation of credibility unless it appears clearly based upon caprice or without any reasonable foundation. *Givens v. Western Paving Co.,* 261 P.2d 450 (Okla.1953). The trial court's decision is reasonably supported by the evidence and will not be disturbed.

AFFIRMED.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.