# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-40144

ROYAL INDEMNITY COMPANY; FIRST COLONY LIFE INSURANCE
COMPANY

                                          Plaintiffs - Appellees

v.

KATHY BATES,

                                          Defendant - Appellee

v.

JAMES T KOONCE; STEPHANIE KOONCE; SANDY DIAZ ALVARADO;
TAMMY STEINBURG; TINA ROBERTSON; DORIS SHIRLEY MEYER;
ZANNA KOONCE RUSSELL

                                          Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-112

Before JONES, Chief Judge, JOLLY, Circuit Judge, and MONTALVO,[*] District
Judge.

E. GRADY JOLLY, Circuit Judge:[**]

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In this statutory-interpleader action, Kathy Ann Bates ("Bates") and James B. Koonce's heirs (James T. Koonce; Stephanie Koonce Mendez; Sandy Diaz Alvarado; Tammy Steinburg; Tina Robertson; and Doris Shirley Meyer, individually and as guardian of minors Christina Koonce, Christopher Koonce, and Alexander Koonce) claim the same $178,800. The district court granted summary judgment in favor of Bates. It granted costs and attorney's fees to the interpleader-plaintiffs—Royal Indemnity Company ("Royal")[1] and First Colony Life Insurance Company ("First Colony")[2]—for their involvement in these proceedings. It denied leave for Koonce's heirs to file a counter-complaint against Royal and First Colony. Koonce's heirs have appealed from each ruling.

For the reasons below, the district court erred in granting summary judgment in favor of Bates, abused its discretion in granting costs and attorney's fees to Royal and First Colony, but did not abuse its discretion in denying leave to Koonce's heirs to file a counter-complaint. We affirm in part, reverse in part, and remand.

I.

Royal and First Colony initiated this interpleader action. The disputed property is $178,800, proceeds from an annuity that Royal owned with First Colony. Royal owned the annuity, through a settlement agreement, because it was an insurer: Royal's insured, General Motors Corporation ("General Motors"), instructed Royal in October 1986 to purchase the annuity to finance a settlement agreement between General Motors, another company, and James B. Koonce ("Koonce") and his then-wife Zanna (now Zanna Russell, or "Russell"). Under the settlement agreement, Royal's annuity would finance a series of

---

[1] Effective September 2007, Royal Indemnity Company became known as Arrowood Indemnity Company. We nevertheless will refer to the entity as "Royal."

[2] First Colony's successor in interest, Genworth Life Insurance and Annuity Company, is now party to this action. We nevertheless will refer to "First Colony."

payments including: a $2,400 monthly payment to Koonce and Russell, jointly, beginning in December 1986 and continuing until the later between Koonce's death and November 2006; and a lump-sum $150,000 payment to Koonce, individually, to be paid October 20, 2006.

As the annuity's owner, Royal possessed the exclusive right to change the annuity's payees. The procedure for changing payees was set out in the annuity contract as follows.

> The Owner [Royal] has the right at any time to designate to whom annuity payments will be made. Written notice of change must be filed at the home office in a form satisfactory to the Company [First Colony]. The new designation will then take effect as of the date the notice is signed. Such a change does not affect any payment made or other action taken by the company before the notice is received.

When Royal purchased the annuity in 1986, it designated Koonce and Russell as the annuity's payees. Royal did not, however, designate survivor-beneficiaries for either individual; and thus the annuity contract specified none.

In 1995, Koonce sent a signed, notarized letter to the insurance broker servicing the annuity contract (Casualty Services, Inc., or "CSI"), in which he purported to designate Bates as his survivor-beneficiary. In the same letter, Koonce wrote that he had moved to a new address. CSI forwarded the letter to Royal. Royal, in turn, instructed First Colony to change the address to which First Colony would direct Koonce's remaining annuity payments.

Royal did not, however, instruct First Colony to designate Bates as Koonce's survivor-beneficiary. Koonce was not advised by Royal or First Colony that Royal had not designated Bates as his survivor-beneficiary. There was no further designation.

Koonce died intestate in July 2005. Annuity payments totaling $186,000 remained due. Koonce's heirs claimed the funds. Bates also claimed the funds.

3

Royal and First Colony reviewed their records concerning the annuity, and each company found in its records a copy of Koonce's letter purporting to designate Bates as his beneficiary. Uncertain whether Koonce's purported designation was effective, Royal and First Colony suspended payment of the annuity and initiated this interpleader action to determine who, among Bates, Russell, and Koonce's heirs, is entitled to the $186,000.

Federal subject-matter jurisdiction is provided under 28 U.S.C. § 1335: James T. Koonce resides in North Carolina; Sandy Diaz Alvarado, Tammy Steinburg, Tina Robertson, and Doris Shirley Meyer reside in South Carolina; and Bates, Russell, and Stephanie Koonce Mendez reside in Texas. Royal and First Colony disclaimed all interest in the $186,000. Upon unopposed motion, they deposited the funds into the court's registry.

## II.

Royal and First Colony began early in the interpleader proceedings to produce their records concerning the annuity. The companies produced the last of these records in January 2007. Bates and Koonce's heirs, after reviewing these records, sought additional discovery regarding whether Royal ever directed First Colony to designate Bates as Koonce's beneficiary. Royal and First Colony did not answer whether Royal ever directed a change in beneficiary. Instead, they replied that each company possessed a copy of Koonce's letter purporting to designate Bates as his beneficiary. Whether Koonce's letter achieved its intended purpose was a question, they asserted, for the court.

The district court, at a September 2007 hearing, attempted to elicit a more responsive answer. The companies initially persisted in the noncommittal position that they had taken during discovery. When the court pressed them, however, the companies said Koonce's letter "essentially" had effected a change in beneficiary. In the light of this representation, Russell and Koonce's heirs moved the district court for leave to file a counter-complaint against Royal and

First Colony for breach of contract. Royal and First Colony filed a motion for summary judgment to extricate themselves from the interpleader action, and they requested costs and attorney's fees. Bates already had filed a motion for summary judgment; her motion remained pending.

While these motions were pending, all parties stipulated that Russell was entitled to $7,200 of the interpleaded funds. Two questions remained: (1) how to apportion the other $178,800 between the claimants and, possibly, Royal and First Colony for their costs and attorney's fees; and (2) whether to grant leave for Koonce's heirs to file a counter-complaint against Royal and First Colony.

Noting that Royal and First Colony produced documents in January that should have put the Koonce heirs on notice of their proposed counter-complaint; that the deadline for filing amended pleadings without leave had passed in July; that the deadline for discovery had passed in August; that the Koonce heirs had waited until September to move for leave to file a counter-complaint; and that the final pretrial conference was scheduled for November, the district court denied, as untimely, the motion for leave to file a counter-complaint. It then granted summary judgment in favor of Bates and granted in part Royal and First Colony's motion for costs and attorney's fees, awarding them two-thirds of their expenditures. Bates would receive $150,958.55; Royal and First Colony collectively would receive $27,841.45; Russell would receive $7,200.00; and Koonce's heirs would receive nothing. Koonce's heirs appealed, and the district court stayed disbursement of the funds pending the appeal.

At oral argument before this court, Royal and First Colony elaborated on the position that they had adopted during the September 2007 hearing. They clarified that effecting a change in beneficiary involved two steps: (1) approving of or consenting to a payee's request for such a change, and (2) Royal designating the survivor-beneficiary as payee. Koonce's 1995 letter "essentially" effected a change in beneficiary because Royal and First Colony had approved of or

5

consented to it when, in 2007, they chose not to contest its validity. The only step remaining was for Royal to direct First Colony to designate Bates as payee. Royal "would have" directed First Colony to designate Bates as payee, but Royal did not do so because it became aware of competing claims to the annuity payments. Instead, Royal and First Colony filed this interpleader action.

III.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." E.g., Golden Bridge Tech., Inc. v. Motorola, Inc., 547 F.3d 266, 270 (5th Cir. 2008).

The ultimate question is whether the payments due under Royal's annuity contract now belong to Bates or to Koonce's heirs. The payments belong to Bates if she was Koonce's designated beneficiary. If there was no properly designated beneficiary at the time of Koonce's death, the proceeds belong to Koonce's heirs.

In 1995, Koonce sent CSI a letter, in which he purported to designate Bates as his beneficiary. CSI forwarded this letter to Royal. Royal and First Colony found a copy of this letter in their records after Koonce died. When, in early 2007, Bates and Koonce's heirs asked Royal and First Colony whether Royal ever directed First Colony to designate a beneficiary for Koonce, the companies replied they did not contest the 1995 letter's effectiveness. In September 2007, when the district court asked the companies whether Koonce's letter effected a change in beneficiary, they took a somewhat more definite position. They answered, "[e]ssentially yes."

Nevertheless, they did not answer "yes." As the annuity contract's terms demonstrate, their reluctance to answer that Koonce's letter effected a change in beneficiary was well-founded. Under the plain terms of the annuity contract, "The Owner [Royal] has the right at any time to designate to whom annuity payments will be made." Koonce possessed no similar right. His 1995 letter purporting to designate Bates as his beneficiary under the annuity accordingly

did not actually do so. Only Royal, the annuity's owner, could designate Bates as Koonce's beneficiary.

As counsel for Royal and First Colony explained at oral argument, designating Bates as Koonce's beneficiary—which Royal did not do—is different from approving of or consenting to Koonce's request. Royal approved of or consented to Koonce's request in early 2007, when it wrote in response to interrogatories and requests for admission that it did not contest the effectiveness of Koonce's 1995 letter. Royal "would have" designated Bates as Koonce's beneficiary, but it and First Colony instead filed this interpleader.

Because Bates has never been designated as Koonce's beneficiary under the annuity, Bates is not Koonce's beneficiary. Koonce's heirs are entitled to the funds. See TEX. PROBATE CODE § 37 ("[W]henever a person dies intestate, all of his estate shall vest immediately in his heirs at law."). They have stipulated to a per stirpes disbursement.

IV.

We now turn to address whether this award is subject to a setoff for Royal's and First Colony's costs and attorney's fees. "It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." Corrigan Dispatch Co. v. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir. 1983). Awarding costs is a matter of judicial discretion. Phillips Petroleum Co. v. Hazlewood, 534 F.2d 61, 63 (5th Cir. 1976). The following factors are relevant to determining whether to award costs to an interpleader-plaintiff: (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. See

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed. 2001).

We think the district court abused its discretion in holding that Royal and First Colony's actions merit the equitable relief of recovering their costs and attorney's fees. Royal was responsible for much of the uncertainty surrounding whether Bates was Koonce's beneficiary. Royal and First Colony received Koonce's letter purporting to designate Bates as his beneficiary in 1995. Royal and First Colony failed to communicate with Koonce about the validity of the purported designation. Koonce reasonably could have expected that the designation had been effective. Royal and First Colony have not offered a single reason for their failure to communicate with Koonce about the purported designation in 1995, or at any time before Koonce's death. Their prompt action, one way or the other, may well have prevented this litigation.

Even in this litigation, Royal and First Colony have protracted proceedings by giving a series of nonresponsive answers to discovery requests. The claimants repeatedly asked Royal and First Colony whether Royal ever had designated Bates as Koonce's survivor-beneficiary. Royal and First Colony repeatedly dodged this question, answering instead only that the companies each possessed a copy of Koonce's letter purporting to designate Bates as beneficiary and that neither company contested the letter's effectiveness. A straightforward "no" could have shortened or even terminated these proceedings long ago.

Because Royal and First Colony's actions in 1995 are in part responsible for causing this litigation, and their nonresponsive answers in 2007 are in part responsible for protracting this litigation, rewarding their endeavors with costs and attorney's fees was an abuse of discretion.

V.

The Koonce heirs also appeal from the denial of their motion for leave to file a counter-complaint against Royal and First Colony. "A pleading must state

8

as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a)(1). "The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." FED. R. CIV. P. 13(f). Permitting a party to amend a pleading to add an omitted counterclaim is a matter of judicial discretion. Rohner, Gehrig & Co. v. Capital City Bank, 655 F.2d 571, 576 (5th Cir. 1981). We review for abuse of discretion. Id.

Here, Royal and First Colony produced their records concerning the annuity contract before the end of January 2007. Koonce's heirs did not move the district court for leave to file a counter-complaint, in which they would have alleged breach of contract, until September 2007. The deadline for amended pleadings had passed in July, and the deadline for discovery had passed in August. As counsel for Koonce's heirs explained at the final pretrial conference in November 2007, the reason for the heirs' delay was inattention. The district court held that, under Rohner, the Koonce heirs' actions did not merit leave to file the counter-complaint.

We have reviewed the pertinent parts of the record, and we conclude that the district court did not abuse its discretion in so holding.

VI.

For the foregoing reasons, we REVERSE the judgment in favor of Bates, Royal, and First Colony; AFFIRM the district court's denial of leave to the Koonce heirs to file a counter-complaint; and REMAND for entry of an appropriate judgment, not inconsistent with this opinion, in favor of the Koonce heirs.

AFFIRMED in part; REVERSED in part; and REMANDED.