2017 OK CIV APP 15

**Emery Zane TOLMAN,
Plaintiff/Appellee/Counter-Appellant,**

v.

**REASSURE AMERICA LIFE INSURANCE COMPANY, formerly known as Valley Forge Life Insurance Company, Defendant/Appellant/Counter-Appellee,**

and

**Bank of the Lakes, National Association, Lake Bancshares Corporation and J.P. Morgan Chase Bank, N.A., Defendants.**

Case Number: 112950

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 11/20/2015

Mandate Issued: 03/21/2017

Rehearing Denied January 20, 2016

Michael S. Linscott, Jon E. Brightmire, Tulsa, Oklahoma, for Defendant/Appellant/Counter-Appellee.

Timothy G. Best, Matthew B. Free, Benjamin D. Reed, Tulsa, Oklahoma, for Plaintiff/Appellee/Counter-Appellant.

Larry Joplin, Judge:

¶1 This matter came on for jury trial on April 28, 2014 and the jury rendered its verdict in Emery Zane Tolman's favor on May 2, 2014. Plaintiff/Tolman was awarded $ 450,000 in actual damages against two defendants, Reassure America Life Insurance Co. (Appellant) and Bank of the Lakes (Bank). Reassure and the Bank were each apportioned 50% liability for the injuries to Tolman. Additionally, the jury found in favor of Defendant, J.P. Morgan Chase. Reassure moved for a judgment notwithstanding the verdict under 12 O.S. 698, arguing that its motion for directed verdict should have been granted as to Appellee's negligence claim. The trial court denied Reassure's motion and prejudgment interest of $ 106,539.05 was included in the judgment, per 12 O.S. 696.3(A)(2). From this judgment only Reassure appeals.

¶2 Appellee's wife passed away in 2009 at the age of 43. Mrs. Tolman had a life insurance policy with Reassure America Life Insurance Co., the Appellant, for $ 100,000. Appellee, Emery Zane Tolman, was the named beneficiary on the life insurance policy. Shortly after Mrs. Tolman's death on January 22, 2009, Mr. Tolman submitted the claim to Reassure. Reassure issued the check which Mr. Tolman deposited with Bank of the Lakes on February 27, 2009. The check from Reassure indicated "Bank One, N.A." as the drawee bank.

¶3 The Bank teller who accepted Tolman's check for deposit was suspicious of the check, because Bank One had not been an existing institution for some time, having been acquired by J.P. Morgan in 2004. For this reason the teller attempted to contact someone at Bank One, but the phone numbers had been disconnected. Due to the teller's concerns about the check, which were expressed to Tolman, and the Bank teller not being able to reach anyone at Bank One, Tolman contacted his Reassure agent and was given a contact name at the insurance company. Tolman shared the contact name with the teller. The teller then left a message with the company contact asking his call be returned.

¶4 Tolman learned as the day progressed that the Bank suspected the check to be fraudulent. After hearing of the Bank's fraud suspicions, Tolman again contacted Reassure; he spoke to both the customer service center and again to the internal company contact. The company contact told Tolman she was not sure what was going on, the check was valid, and she would investigate the matter to find out what was going on and get back with Tolman. However, the Reassure contact never got back with him, nor is there any evi-

dence she investigated or inquired into the matter for Tolman.

¶ 5 Remarkably, the Bank manager and the teller went to the Catoosa Police Department on the 27th, *the day Tolman deposited the check*, and filed a complaint against Tolman, asserting the check was "in a range of checks" reported as fraudulent by Reassure and that Tolman had "claimed his wife died" to explain the origin of the check. The Bank manager said she had spoken to a representative at J.P. Morgan Chase who the Bank manager said had informed her the check was in the range of fraudulent checks. The Chase representative testified at the trial and denied saying anything to the Bank manager regarding the check being "in a range of fraudulent check numbers."

¶ 6 The check cleared on March 2, 2009, the next business day after being deposited, which might explain why Tolman's banking expert testified that better banking practices would have been to track the check to determine if it was valid *prior* to contacting law enforcement. Tolman was not able to access any of the funds until March 16th, as the bank had placed a hold on the funds until that date. However, after filing a criminal complaint against Tolman, the Bank manager did not follow the payment of the check and was not aware when the check cleared. She did nothing in the intervening two weeks between the deposit and Tolman's accessing the funds to confirm the status of the check, nor did she update the information she had given to the police on February 27th.

¶ 7 And there, the matter laid, until June 28, 2009, when Tolman received a call from his mother informing him he was charged with a felony, uttering a forged instrument, and that the charges were listed in the local paper. Tolman sought the advice of an attorney and turned himself in to the police to avoid having the police arrest him at his office or his home. He was booked, had his mug shot taken and was released the same day, having already secured the services of a bail bondsman. His attorney contacted Reassure. Thereafter, Reassure sent a letter which Tolman's attorney was able to present to the district attorney's office explaining the check was not a fraudulent instrument and

the charges were dismissed and eventually expunged. In October 2009, Tolman filed suit against Reassure, Bank of the Lakes, and J.P. Morgan Chase, resulting in the jury's verdicts on May 2, 2014.

¶ 8 Appellant, Reassure, asserts four propositions of error on appeal. First, Reassure claims the trial court erred in permitting Tolman's negligence claim against the insurance company to proceed to the jury, because no such cause of action for negligence by an insured against the insured's insurance company is recognized under Oklahoma law. Second, even if a claim for negligence existed, the trial court erred in failing to direct a verdict in Reassure's favor, because Reassure's conduct was not the direct cause of Tolman's injuries. Third, intervening causes broke the causal chain of connection between Reassure's conduct and Tolman's injuries. And finally, the trial court erred in failing to instruct the jury that attorney fees are not an element of damages in a negligence case.

¶ 9 When this suit was initially filed, Tolman raised breach of contract, bad faith and breach of fiduciary duty in his claims against Reassure. Then, at the pretrial, Tolman added the negligence claim. Reassure objected and the trial court overruled Reassure's objection. While recognizing a tort claim of bad faith dealing by an insured against one's insurer in *Christian v. American Home Assurance Co.*, 1977 OK 141, 577 P.2d 899, 904-05, Reassure argues that there is no cause of action for negligence against one's insurance carrier in Oklahoma.

¶ 10 Tolman argues such a cause of action exists because Reassure owes a duty of care as "every person is under a duty to exercise due care in using that which he/she controls so as not to injure another." *Lockhart v. Loosen*, 1997 OK 103, ¶ 13, 943 P.2d 1074, 1080. Tolman also argues Reassure assumed a duty when its employee promised Tolman she would investigate the fraud allegations, get to the bottom of the issue and get back with Tolman. *See Wark v. U.S.*, 269 F.3d 1185, 1189 (10th Cir.2001); *Fry Land & Cattle Co. v. Colorado Interstate Gas Co.*, 1990 OK CIV APP 113, 805 P.2d 695, 696-97. The record revealed she conducted no investigation or inquiry and did not contact Tolman.

¶ 11 The claim by a life insurance beneficiary against the life insurance company is generally regarded as a first-party claim and the relationship between the insured and the insurer is one that rests in contract. Oklahoma is one of a majority of states that has allowed extra-contractual damages in first-party insurance cases, for breach of the implied warranty of good faith and fair dealing, a cause sounding in tort. *See Christian*, 577 P.2d at 905. In more recent cases, the duty of the insurer is still presented in terms of an implied duty to engage in good faith and fair dealing. *Trinity Baptist Church v. Brotherhood Mut. Ins. Services, L.L.C.*, 2014 OK 106, ¶ 11, 341 P.3d 75, 79; *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 26, 121 P.3d 1080, 1093. The question presented in this case, however, is whether Oklahoma also recognizes a negligence claim by an insured against an insurer.

¶ 12 Not surprisingly, neither of the parties in this case nor this court can find an Oklahoma Supreme Court pronouncement recognizing a tort cause of action for negligence brought by an insured against one's insurer. "The relationship between and (sic) insurer and its insured is defined and governed by the insurance policy and its accompanying implied covenant of good faith and fair dealing." *Trinity Baptist Church*, 341 P.3d at 86. And even then, to prove a breach of the covenant of good faith and fair dealing "under *Christian* and later cases, the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence[.]" *Badillo*, 121 P.3d at 1094.

¶ 13 Additionally, the federal district court sitting in Oklahoma has noted that the Oklahoma Supreme Court has not recognized a cause of action for simple negligence against one's insurance company.

> Defendant argues that Plaintiff may not recover on her claim of negligence based on the insurance contract. Defendant cites the Oklahoma Supreme Court: "In *Christian v. American Home Assur. Co.*, 577 P.2d 899 (Okl.1977), this Court clearly recognized the *two* causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." *Lewis v. Farmers Ins. Co., Inc.*, 681 P.2d 67, 69 (Okla.1983) (emphasis added). Of the two actions an insured may bring against an insurer, the breach of contract action sounds in contract and the bad faith action sounds in tort. Based on the language in *Lewis*, it does not appear that a separate tort action for negligence in paying an insurance claim exists. Tort liability may be imposed against an insurer "only if there is a clear showing that the insurer, in bad faith unreasonably withholds payment of the claim." *Id.*
>
> . . .
>
> The court has found nothing that might suggest that a common law action for negligence exists based on an insurer's failure to pay a claim for six months. To the contrary, the common law action in existence for failure to pay a claim for six months is a bad faith claim, and more than simple negligence is required to prevail on such a claim.

*Murchison v. Progressive Northern Ins. Co.*, 572 F.Supp.2d 1281, 1284 (E.D.Okla.2008).

¶ 14 Therefore, as Oklahoma law does not provide for a negligence claim against an insurer by its insured, it was error for the trial court to have submitted this claim to the jury. Having so found, we now turn to Appellee's conditional counter-claim. Appellee filed the conditional counter-claim in the event this court should find that there is no claim for negligence against one's insurer in Oklahoma. In the conditional counter-claim, Tolman argues Reassure's conduct rises to the level of a breach of Reassure's duty of good faith and fair dealing and thus it was error for the trial court to have granted Reassure's motion for directed verdict with respect to Tolman's breach of contract and bad faith claim.

¶ 15 The tort of breach of a duty to deal fairly with an insured is an intentional tort and as such requires conduct by an insurer to be willful, malicious, or oppressive for the purposes of delaying or avoiding payment of the insured's claim. *Christian*, 577 P.2d at 905. "[A] duty to *timely* and *properly*

investigate an insurance claim is intrinsic to an insurer's contractual duty to timely pay a valid claim." *Brown v. Patel*, 2007 OK 16, ¶ 11, 157 P.3d 117, 122. In this case, the insurer investigated, processed and paid Tolman's life insurance claim within thirty days of receipt of the claim. Additionally, a claim of bad faith against an insurer must be based on a breach of *some* contractual duty or implied covenant. *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, ¶ 13, 653 P.2d 907, 911. Here, the record reveals no *contract provision*, nor does Tolman point to one, that Reassure is alleged to have breached; nor does the record demonstrate Reassure failed to deal with the insured in good faith. The trial court's decision to direct a verdict on this claim was not error.

¶ 16 The decision of the trial court is AFFIRMED IN PART with respect to the trial court's decision granting a directed verdict in favor of the Appellant on Tolman's breach of contract and bad faith claims, and REVERSED IN PART AND REMANDED with respect to the submission to the jury of Tolman's negligence claim against Reassure. AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

MITCHELL, P.J., concurs;
HETHERINGTON, C.J., concurs in result.