# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51198

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2018

Lyle W. Cayce
Clerk

JENNY BERRY,

      Plaintiff

v.

BANNER LIFE INSURANCE COMPANY,

      Defendant - Third Party Plaintiff - Appellee

v.

TRACEY LOUISE VINEY,

      Third Party Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-52

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

    This case stems from competing interests to the proceeds of a life insurance policy. Though the district court determined that Appellant was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51198

entitled to the policy proceeds, Appellant challenges the court's dismissal of her negligence claim against the insurer, denial of leave to amend, dismissal of the insurer from the suit after grant of interpleader, and grant of attorney's fees. We AFFIRM.

## BACKGROUND

Tracey Viney and Glyndall Brady married in Oklahoma in 1992. During their marriage, Brady obtained a life insurance policy (the "Policy") from Banner Life Insurance Co. and designated Viney as the beneficiary.

In 2005, Viney and Brady divorced. The divorce decree (the "Divorce Decree") stated that Viney "shall remain the beneficiary" under the Policy. Viney provided a copy of the Divorce Decree to Banner on June 16, 2005. Banner does not dispute that it received a copy of the Divorce Decree and retained it on file as part of its records.

Two years later, Brady submitted a change of beneficiary form to Banner, seeking to designate Jenny Berry as beneficiary under the plan. Banner processed the change of beneficiary.

Brady died shortly thereafter. When Viney sent notice of her claim to the Policy proceeds Banner informed Viney of the beneficiary change and denied Viney payment of the proceeds. Meanwhile, Berry also sought the insurance proceeds. Both Viney and Berry filed lawsuits against Banner.

Facing dueling claims for the same proceeds, Banner removed Berry's action to the United States District Court for the Western District of Texas and joined Viney as a third-party defendant in a Rule 22 interpleader action. Banner asserted it was a mere stakeholder subject to competing claims to the Policy and requested dismissal from the action upon depositing the funds into the court's registry. Viney responded by filing a counterclaim against Banner, alleging that Banner had been negligent in allowing the change in beneficiary.

2

No. 16-51198

On March 24, 2016, Viney filed for summary judgment. The sole issue raised was whether, under the plain terms of the divorce judgment, Viney was entitled to the Policy proceeds. Viney's negligence claim was not included in the summary judgment motion.

While the summary judgment motion remained pending, Viney filed a motion for leave to file an amended counterclaim. Viney sought to add a counterclaim against Banner for breach of the duty of good faith and fair dealing under Oklahoma law.

On May 31, 2016, the district court granted Viney's motion for summary judgment. In the same order, the court denied Viney's motion for leave to amend without comment, granted Banner's motion for interpleader, dismissed Banner from the case after "review[ing] the pleadings" and "not locat[ing] any negligence claim by Viney asserted against Banner," and granted Banner $8,000.00 in attorney's fees.

Viney filed a Rule 59(e) motion to amend the judgment. The district court promptly denied that motion by text order. This appeal followed.

## DISCUSSION

Viney argues that the district court erred in four ways.[1] First, she asserts that the district court erred in finding that Viney had not alleged a claim for negligence. Second, she argues that the district court abused its discretion in denying her leave to amend in order to add a claim for the breach of the duty of good faith and fair dealing. Third, she claims that the district court abused its discretion in dismissing Banner from the lawsuit. Fourth, she claims that

---

[1] Viney's notice of appeal only challenges the district court's order denying the Rule 59(e) motion. However, on appeal Viney clearly challenges the three rulings underlying that 59(e) motion. We liberally construe Viney's appeal because "the intent to appeal [the] unmentioned or mislabeled ruling[s] is apparent and there is no prejudice to the opposing party." *See R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (internal quotations omitted).

the district court abused its discretion in granting attorney's fees to Banner. We address each in turn.

## I.    No error in dismissing negligence claim.

The district court stated that it could not locate a negligence claim in Viney's pleadings. Viney argues that her negligence counterclaim clearly met federal pleading standards.

Viney alleged that "Banner was negligent in allowing the change in beneficiary and as a result thereof, Viney has suffered damages." Importantly, Viney specifically asserted that she brought her negligence claim under Oklahoma law. Oklahoma law, however, does not recognize a claim for negligence by a third-party beneficiary against an insurer. *See Tolman v. Reassure Am. Life Ins. Co.*, 391 P.3d 120, 122-23 (Okla. Civ. App. 2015). Accordingly, Viney's negligence claim fails on its face to state a cognizable claim for negligence.[2]

## II.    No abuse of discretion in denying leave to amend.

Viney next asserts that the district court erred in denying her leave to amend in order to add a claim for a breach of the duty of good faith and fair dealing. The district court did not abuse its discretion because Viney's proposed claim was futile.

"A district court's denial of leave to amend is reviewed for an abuse of discretion." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th

---

[2] Viney argues that the district court erred in holding her negligence claim to a 12(b)(6) standard, instead asserting that she need only have met Rule 8(a)'s lower pleading standard. We need not reach this argument because any error, if present, is harmless. As a matter of law, Viney could not assert a negligence claim against Banner under Oklahoma law.

Cir. 2003). "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Viney's claim for breach of the duty of good faith and fair dealing was futile for two reasons.

First, a number of Viney's factual allegations underlying that claim are based on nothing more than Banner's "failure to resolve its investigation in [Viney's] favor and pay out the life insurance proceeds to [her]." *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009). Any claim for a breach of the duty of good faith and fair dealing under these facts is barred under the interpleader because it is not "truly independent of who was entitled to the life insurance proceeds." *Id.* "To allow [Banner] to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy – namely, that a 'stakeholder [should] not [be] obliged at his peril to determine which claimant has the better claim.'" *Id.* (quoting *Bierman v. Marcus*, 246 F.3d 200, 202 (3d Cir. 1957)).

Second, under Oklahoma law, "[t]he tort of breach of a duty to deal fairly with an insured is an intentional tort and as such requires conduct by an insurer to be willful, malicious, or oppressive for the purposes of delaying or avoiding payment of the insured's claim." *Tolman*, 391 P.3d at 123. Though Viney alleged that Banner failed to adequately investigate its records prior to changing the beneficiary, she also alleged that Banner was not aware of that mistake until Viney made her claim to the Policy proceeds. Banner could not have committed an intentional tort, willfully and maliciously, if Banner was not even aware of the mistake at the time of the change. *See Tolman*, 391 P.3d at 123.

Accordingly, Viney's amended claim for breach of the duty of good faith and fair dealing was futile under Oklahoma law. The district court did not abuse its discretion in denying leave to amend.

## III.   No abuse of discretion in dismissing Banner.

The district court dismissed Banner from the action after granting the motion for interpleader. Viney alleges the court abused its discretion in doing so because of Viney's "independent claims against Banner." We disagree.

Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds. *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 195 (5th Cir. 2015). We review discharge in interpleader for abuse of discretion. *Id.*

As stated above, the district court did not err in dismissing Viney's negligence claim and further did not err in denying leave to amend. There were no other pending claims against Banner. Accordingly, once Banner tendered the funds from the Policy, "there was no reason to keep [Banner] in a dispute solely between the adverse claimants." *Id.*

## IV.   No abuse of discretion in granting attorney's fees.

The district court awarded Banner attorney's fees for its costs incurred in bringing the interpleader. Viney argues that the district court abused its discretion in doing so because "but for" Banner's negligence in processing the beneficiary change Viney would not have had to litigate this action.

A district court may, in its discretion, award reasonable attorney's fees "when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoads v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). "[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976). We review a district

No. 16-51198

court's grant of attorney's fees for abuse of discretion. *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009).

As stated above, Viney has failed to assert any valid claim against Banner for its handling of the change of beneficiary form. The district court did not abuse its discretion in granting Banner attorney's fees for its costs in seeking the interpleader.

## CONCLUSION

Viney has failed to show any error in the district court's decision. We AFFIRM in full.